---

### In re TEITELBAUM.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. CRIMINAL CONTEMPT—SUMMARY PUNISHMENT.
　　Under the direct provisions of Code Civ. Proc. § 10, a criminal contempt, committed in the immediate view and presence of the court, may be punished summarily.

2. SAME—WHAT CONSTITUTES.
　　Under Code Civ. Proc. § 8, subd. 1, defining criminal contempt as "disorderly, contemptuous, or insolent behavior, committed during" the sitting of court, "in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority," a defendant in a civil action is guilty of criminal contempt, who during the trial possesses himself of a paper containing the contract between himself and plaintiff, which is the subject of investigation, and which has been laid on the table by the plaintiff's attorney, and who secretes the same, and, on demand, refuses to produce it.

**3. SAME—APPEAL—RECORD—SUFFICIENCY.**
There was nothing before the appellate court to review, on appeal from an order denying a motion to vacate an order adjudging a party guilty of criminal contempt, where the motion was based merely on the affidavit of the party, purporting to set forth the proceedings before the justice who adjudged him guilty, but without any certification by any officer that it contained all the proceedings.

**4. SAME—MOTION TO VACATE ORDER—COURT OF CO-ORDINATE JURISDICTION.**
There is no authority for making a motion at Special Term to vacate an order made during the trial of a civil action in the Supreme Court, finding defendant therein guilty of criminal contempt.

**5. SAME—REVIEW.**
The proper method to review a proceeding adjudging a party guilty of a criminal contempt is not by appeal, but by certiorari.

Appeal from Special Term, New York County.

Adolph Teitelbaum was adjudged guilty of a criminal contempt, and from the order adjudging him guilty, and from an order denying his motion to vacate the first-mentioned order, he appeals. Affirmed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Abraham B. Schleimer, for appellant.
Henry G. Gray, for respondent.

HATCH, J.   During the course of a trial in a civil suit in the Supreme Court, wherein one Antonio Cappola was the plaintiff, and the appellant herein was defendant, the latter was adjudged guilty of a criminal contempt of court by Mr. Justice Andrews, presiding at the trial.   It appears from what purports to be the evidence taken by the justice that the criminal contempt of which the appellant was adjudged guilty consisted in possessing himself of a paper which contained a contract between the plaintiff in the action and the defendant therein, the same containing matter which was the subject of investigation upon the trial; that the plaintiff's attorney was in possession of the paper during his opening to the jury, and laid it upon the table, immediately in front of the defendant, who took possession of the same, secreted it, and, on demand, refused to produce it.   It is disclosed by the record that the offense was committed in the immediate view and presence of the court, the justice stating:

"I am convinced, under all the circumstances, and from what I saw myself of the transaction, that the paper was secreted by the defendant, or under the defendant's direction. His action in the matter was the most reckless that I think I ever saw in a court of justice."

What purports to be the judgment recites that the offense "was committed during the sitting of the court, and in its immediate view and presence."   It is apparent, therefore, that the court adjudged the defendant guilty of contempt, based upon the observance of the act committed within its view.   This authorized the court to adjudge the defendant guilty, and punish him summarily, without the intervention of farther proceedings.   Code Civ. Proc. § 10.   If, therefore, the act of abstracting the paper constituted a criminal contempt, then it is evident that the court possessed the power to proceed sum-

¶ 5. See Contempt, vol. 10, Cent. Dig. §§ 214, 221, 226.

marily, adjudge the defendant guilty, and inflict the punishment prescribed therefor. Subdivision 1 of section 8 of the Code of Civil Procedure defines a criminal contempt in the following language:

"Disorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority."

The offense charged against the appellant, as we have seen, was committed in the immediate view and presence of the court. The act itself was the abstraction and secretion of a paper which was essential and necessary to the plaintiff in connection with the investigation of the subject-matter of the trial. The direct result of the act, therefore, was such as tended to interrupt the proceedings of the court, impair the administration of justice, work a willful suppression of the evidence of the plaintiff, and deprive him of its use and benefit upon the trial. Such act was criminal in its character, in execution it was reckless and insolent, and its effect was to interrupt the proceedings, and directly to impair the respect due to the court and its authority. The act itself was a larceny, and therefore a distinct crime, and comes literally within the language of the Code, as well as within its spirit. People ex rel. Munsell v. Court of Oyer and Terminer, 101 N. Y. 245, 4 N. E. 259, 54 Am. Rep. 691; People ex rel. Choate v. Barrett, 56 Hun, 351, 9 N. Y. Supp. 321, affirmed on appeal in 121 N. Y. 678, 24 N. E. 1095. If there were, therefore, no other question involved upon this appeal, we should not hesitate to affirm the order upon the merits. There is, however, nothing before this court to review. The appellant made his motion, based upon his own affidavit, which purports to set forth the proceedings had before the justice who adjudged the appellant guilty of the contempt, the judgment pronounced, and the other papers and proceedings to enforce the same. In the record, as thus made, it is not certified, either by the justice presiding or by any other officer, that the affidavit contains all of the proceedings which were had before the justice, or of the orders entered thereon. It lay wholly within the discretion of the appellant to recite as much or little of the proceedings as a basis for his motion as he chose. He may have faithfully set out the whole, and he may have omitted the essential and vital parts. No court would be authorized to review the proceeding, unless a record was made up, properly authenticated, thereby enabling the reviewing court to see what the actual case was upon which the court acted in adjudging the defendant guilty of contempt. The motion was made at Special Term, and therefore to a tribunal exercising co-ordinate jurisdiction with the justice who pronounced the judgment. No authority exists for such procedure. People v. McLaughlin, 150 N. Y. 365, 44 N. E. 1017. The practice to review a proceeding adjudging a party guilty of a criminal contempt is not by appeal, but by certiorari. This was distinctly held in People ex rel. Taylor v. Forbes, 143 N. Y. 219, 38 N. E. 303, and there is reason for this rule. A writ of certiorari would be directed to the justice who pronounced the judgment, and such officer would then be required to make a return of the proceedings. Upon such return the court would have before it an authenticated record, from which would

appear the whole proceeding, and upon which the appellate tribunal would be enabled to pass judgment. The practice which has obtained in the present instance does not bring up the record, and therefore does not present to the court anything which it may properly review.

It follows that the order should be affirmed, with $10 costs and disbursements, and the proceeding dismissed, with $10 costs. All concur.