In the Matter of Louis Waldman, Appellant, against Thomas W. Churchill, a Justice of the Supreme Court of the State of New York, Respondent.

(Argued May 22, 1933; decided July 11, 1933.)

250

*I. Maurice Wormser* and *Louis Waldman* for appellant.

*Caruthers Ewing* for respondent.

O'BRIEN, J. Petitioner, who is a member of the bar, represented several defendants in an action wherein a motion for an injunction appeared upon the calendar of that part of the Supreme Court in New York county over which respondent presided. ' Upon petitioner's application for an adjournment occurred events which resulted in an order adjudging him guilty of criminal contempt. A court of record has power to punish for a criminal contempt a person who is guilty of " disorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority." (Judiciary Law; Cons. Laws, ch. 30, § 750, subd. 1.) The parties differ in their versions concerning the affair but in a certiorari proceeding the hearing is limited to the order and return and the papers upon which the order was granted. (Civ. Prac. Act, § 1300.) The allegations in the return must be taken as true (*Matter of Reed* v. *Board of Standards & Appeals*, 255 N. Y. 126, 133), but the particular circumstances of the offense must be set forth in the mandate of commitment. (Judiciary Law, § 752; *People ex rel. Barnes* v. *Court of Sessions*, 147 N. Y. 290; *People ex rel. Bernstein* v. *LaFetra*, 171 App. Div. 269; affd., 219 N. Y. 591; *Briddon* v. *Briddon*, 229 N. Y. 452.)

The mandate of commitment is incorporated in the return and respondent therein states that petitioner interrupted the court's remarks with a loud and boisterous declamation, that he ignored the court's admonition to desist but kept on with his rash and heedless demeanor, that he persisted in his contemptuous conduct and paid no attention to the court's warning but went on. In

another part of the return respondent alleges that he told petitioner five or six times to keep still and that he finally told him that if he did not stop he would be fined for contempt. He describes petitioner's voice as high pitched, loud and assertive and his manner as rude and offensive.

By this narration of events included within the mandate of commitment respondent set forth, as we think, the particular circumstances of the offense. It rises higher than a conclusion, it is a declaration of fact. It recites an interruption, several warnings and several repetitions of that occurrence. When section 752 uses the expression " particular circumstances " it requires more than the statement of a bare fact. A mere conclusion certainly is not enough. A fact must be stated but something more than the slenderest outline must appear before we can know whether conduct falls within the definition of section 750, subdivision 1. An interruption in itself, or even its frequent repetition, does not necessarily constitute " disorderly, contemptuous, or insolent behavior." In a court room it may and usually does grow out of an ardent enthusiasm and an excessive zeal and rarely indicates an attitude of studied insolence, defiance, contempt or a fixed tendency toward disorder. The manner of the interruption may, however, illustrate the motive, and the motive can be discerned and described only by one who saw and heard. The offense of a criminal contempt is defined in the statute by the use of adjectives, and the descriptive characterization by respondent concerning petitioner's acts, instead of causing a fact to degenerate into a conclusion, develops it into a particular circumstance and carries it within the statutory definition. Taking the return as true, our conclusion follows that the offense was committed and that the particular circumstances were set forth in the mandate of commitment.

In the administration of justice, both the authority of the court and the independence of the bar are essential. Maintenance of that mutual respect and courtesy which

ought to exist between the trial courts and members of the bar who practice before them must necessarily be intrusted in the first instance to the control of the justices there presiding. Appellate courts are far removed from the scene of events which may unfortunately constitute a breach of those relations. Under the power conferred upon us by the statutes, we can do no more than conscientiously review the record as presented and, with no right to exercise discretion, decide the sheer issue of law whether, on the allegations of the return, the acts constitute the offense and whether the form of the mandate is regular.

The order should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG and CROUCH, JJ., concur; HUBBS, J., not sitting.

Order affirmed.