HYMAN GOLDMAN PLUMBING AND HEATING CORPORATION, Plaintiff, *v.* CARL G. NESBIT and Another, Defendants.

In the Matter of the Proceedings to Have DAVID J. ROSEN, Appellant, Punished as and for a Criminal Contempt of Court.

Supreme Court, Appellate Term, First Department, April 19, 1934.

*Robert H. Elder* and *David J. Rosen,* for the appellant. .

*John J. Bennett, Jr., Attorney-General [Charles A. Schneider* of counsel], for the respondent.

FRANKENTHALER, J. Appellant was one of the defendants in the above-entitled action, and he was also the attorney for the defendants. After trial of the case before the late Justice MURRAY without a jury, judgment was directed for plaintiff. Rosen then moved to set aside the judgment, and upon the motion presented in open court an affidavit in which he states, among other things, that before the trial he was informed by the plaintiff's president that he " stands very good " with one Culkin, a former sheriff of the county of New York, and he could get him to use his influence; that he told several people that the said Culkin had fixed it up for him; that he sent a letter to the judge and the decision would be for the plaintiff; that the court was improperly influenced in its determination; that the judgment and decision of the court was obtained by improper political influence; that the judge showed a predetermined attitude — an attitude characteristic of a fixed case.

Thereafter appellant was directed to show cause why he should not be punished for a criminal contempt of court, and after a hearing the sentence from which the appeal is taken was imposed.

While the defamation of a judge in respect to his conduct of a case which he has tried is not necessarily contempt of court, nevertheless where the facts establish an actual contempt of court punishment should be meted out accordingly. As the court said in *People ex rel. Barnes* v. *Court of Sessions* (147 N. Y. 290, at p. 294): " The publication of the articles was exceedingly harmful. They tended to bring into disrepute the administration of the law, and to destroy the confidence of the public in and its respect for the proceedings of our courts. If the judge is guilty of the acts charged complaint should be made to the proper officers, and proceedings instituted for his removal. If he is not guilty, the dignity of the court should be preserved by the prompt punishment of the offenders." In *Francis* v. *People of Virgin Islands* (11 F. [2d] 860, at p. 865) the court says: " The law also distinguishes between attacks on the judge and on the tribunal itself. The former may be libelous and, when so, the remedy is by civil action; the latter is contempt according to its purpose and effect, and,

when so, the offender is open to punishment. In our jurisprudence the extraordinary action of contempt of court does not lie to heal the wounded sensibilities of a judge; it may be invoked only when the offending act impedes or disturbs the administration of justice. A publication aimed to prejudice a court in public estimation, calculated and intended to destroy its function as a department of the government, and which has the effect of embarrassing the administration of justice is neither a privilege nor a right accorded by law."

Our statute governing criminal contempts (Judiciary Law, § 750) is by its terms exclusive. The acts specified therein, " and no others," are criminal contempts of court. Subdivisions 1 and 6 of the six subdivisions of the section are cited as applicable. Subdivision 1 authorizes punishment for " disorderly, contemptuous or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority; " and subdivision 6 covers " publication of a false, or grossly inaccurate report of its proceedings."

Appellant was not only a party to the litigation before the Municipal Court but he was an attorney representing the defendants therein; as an officer of the court respectful behavior was his duty; and it seems to me the filing of the affidavit containing defamatory statements, not a word of proof being offered in justification thereof, was contemptuous behavior on his part committed during the sitting of the court, in its immediate view and presence, directly tending to impair the respect due to the authority of the court within the meaning of the act. Much less offensive statements contained in a letter written by an attorney to a judge have been held misbehavior punishable by contempt proceedings. (*Cooke* v. *United States*, 267 U. S. 517.) If I am right in this conclusion, it is unnecessary to consider whether the appellant's statements are a false or grossly inaccurate report of the proceedings within the meaning of subdivision 6.

Much might be said in favor of appellant's argument that it was improper for the justice below to act in effect both as prosecutor and judge, and for that reason alone the conviction should not stand. It seems to me that in such a case as this the preferable procedure would be to have a justice other than the one assailed conduct the proceedings. (*Cooke* v. *United States, supra.*) But I do not think the point presents reversible error, for here, where the statute (Judiciary Law, § 751) fixes the maximum penalty of a fine not exceeding $250 and imprisonment for not more than thirty days, no attempt was made to justify the defamatory state-

ments; punishment would seem to follow as of course, and an appellate court if it deemed the punishment too severe could modify the sentence.

It appears to me that the maximum sentence was authorized in this instance.

The points that the justice had no power to punish for criminal contempt, that the proceedings should have been taken by a court order to show cause and be returnable before a court, and that the justice had not been assigned by the president justice to hold court on the motion to punish for contempt, do not present prejudicial error, in the light of the decision of the Appellate Division affirming the order of the Supreme Court denying appellant's motion for a writ of prohibition.* The order appealed from is a court order; and the particular circumstances of the offense are sufficiently set forth in the commitment. (*Matter of Waldman* v. *Churchill*, 262 N. Y. 247.)

Order affirmed, with twenty-five dollars costs.

All concur; present, LYDON, FRANKENTHALER and SHIENTAG, JJ.

---

* *Rosen* v. *Murray*, 240 App. Div. 955.