In the Matter of Sol Douglas, Appellant, against Frank
F. Adel, a Justice of the Supreme Court of the State
of New York, Respondent.

(Argued October 2, 1935; decided November 19, 1935.)

*Sol Douglas,* in person, *Julius Hochfelder, Samuel Douglas* and *Henry Cron* for appellant. The order adjudging the petitioner in criminal contempt for conduct alleged to have occurred in the immediate view and presence of the court is reviewable by certiorari. (*Matter of Teitelbaum,* 84 App. Div. 351; 185 N. Y. 540; *People ex rel. Taylor* v. *Forbes,* 143 N. Y. 219; *People ex rel. Munsell* v. *Court of Oyer & Terminer,* 101 N. Y. 245; *People ex rel. Choate* v. *Barrett,* 56 Hun, 351; *Matter of Waldman* v. *Churchill,* 262 N. Y. 247; *People ex rel. Bernstein* v. *La Fetra,* 171 App. Div. 269; *People ex rel. Palmieri* v. *Marean,* 86 App. Div. 278; *People ex rel. Barnes* v. *Court of Sessions,* 147 N. Y. 290; *Matter of Cochran,* 237 N. Y. 336; *Matter of Jones,* 181 N. Y. 389.)

*Harold M. Kennedy* for respondent. Since the commitment was not summary and the contempt order grew out of a civil proceeding, it is reviewable by appeal, and by appeal only. (*Matter of Hanbury,* 160 App. Div. 662; *Eastern Concrete Steel Co.* v. *Bricklayers' & Mason Plasterers' Union,* 200 App. Div. 714; *People ex rel. Negus* v. *Dwyer,* 90 N. Y. 402.)

HUBBS, J. Appellant is an attorney who was adjudged guilty of criminal contempt during the trial of a civil action in the immediate hearing and presence of the court.

He applied to the Appellate Division for an order of certiorari directed to the trial justice requiring him to certify and return his acts and proceedings adjudging the petitioner in criminal contempt. The application was

denied by the Appellate Division, apparently on the ground that the proper method of reviewing the order made by the trial court was by appeal and not by an order of certiorari. That presents the only question for decision by this court.

Under the common law of England, courts had inherent power to punish summarily for contempt of court. That principle became a part of our common law and constitutes the source of our early statutes upon the subject. (*Matter of Barnes*, 204 N. Y. 108.)

The duty resting upon courts to preserve order, to prevent the interruption of their proceedings, to maintain the respect and authority due the court, and prevent disorderly, contemptuous or insolent behavior, is now embodied in article 19 of the Judiciary Law (Cons. Laws, ch. 30) (Laws of 1909, ch. 35). That statute enumerates the acts which constitute criminal contempt and prescribes the procedure for punishing and the nature and extent of the punishment.

The conduct of appellant set forth in the order of commitment constituted criminal contempt of court during the trial of a civil action within the provisions of the Judiciary Law, section 750.

The proceeding to punish for a criminal contempt of court arising during the trial of a civil action constitutes a civil special proceeding. (General Construction Law [Cons. Laws, ch. 22], § 46-a; Civ. Prac. Act, §§ 4 and 5; *People ex rel. Negus* v. *Dwyer*, 90 N. Y. 402; *Eastern C. S. Co.* v. *B. & M. P. I. U. Local, No. 45*, 200 App. Div. 714.)

Ordinarily, an order made in a civil special proceeding is reviewed by appeal and not by certiorari. (Civ. Prac. Act, § 631; *People ex rel. Negus* v. *Dwyer, supra; Matter of Hanbury*, 160 App. Div. 662.)

A criminal contempt in the " immediate view and presence " of the court may be punished summarily if the acts constituting such contempt are seen or heard by the presiding judge so that he can assert of his own

knowledge the facts constituting the contempt in the mandate of commitment. In that case, no proof need be given. The knowledge of the judge takes the place of proof and his recital in the mandate of commitment of the facts upon which the adjudication of contempt is based is sufficient. (*People ex rel. Barnes* v. *Court of Sessions*, 147 N. Y. 290; Judiciary Law, § 755.)

If, however, the acts constituting the contempt are not committed within his hearing or he does not see them and is, therefore, unable to so state in the mandate of commitment, it is necessary that the offender be given an opportunity to be heard after notice. (Judiciary Law, § 751; *People ex rel. Choate* v. *Barrett*, 56 Hun, 351; affd., 121 N. Y. 678.)

In the first case, the judge acts upon his own knowledge to vindicate the dignity of the court. In the other, he acts upon proof submitted after an opportunity has been given the offender to answer.

In the first case, no record can be made, as the judge decides upon his own knowledge, taking into consideration the effect which the conduct of the offender produced in his own mind. In the second case, a record is made, consisting of the proof offered to sustain the charge and the proof if any, offered by the offender. In the second case, the mandate of commitment should be reviewed by an appeal. In the first place, the only method of review which could present a question for determination on appeal is by an order of certiorari. In the case of an adjudication of criminal contempt in a civil case, the particular circumstances of the offense must be set forth in the mandate of commitment. (Judiciary Law, § 752; *Matter of Waldman* v. *Churchill*, 262 N. Y. 247.)

A failure to comply with the statute in that respect renders the commitment totally defective. (*Briddon* v. *Briddon*, 229 N. Y. 452.)

Where an order of certiorari is directed to a judge who has made a summary adjudication and issued a mandate

of commitment in a criminal contempt proceeding in a civil case, he is obliged to make and file a return which shall set forth the facts within his knowledge upon which he acted in making the adjudication. The return thus made is conclusive. (*People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280, 290; *Matter of Waldman* v. *Churchill, supra.*) "If a return is defective, the court may direct a further return." (Civ. Prac. Act, § 1298.)

The hearing in the certiorari proceeding is limited to the order and the return and the papers upon which the order was granted. (Civ. Prac. Act, § 1300.)

It is provided by section 1312 of the Civil Practice Act that an order of certiorari is available to review a criminal contempt of court. Section 1286 provides that a certiorari order cannot be granted " Where the determination can be adequately reviewed by an appeal to a court or to some other body or officer." (Subd. 2.)

In the case at bar the determination cannot be adequately reviewed by an appeal as the commitment recites that the appellant was guilty of a criminal contempt in a civil case in the immediate presence and hearing of the court, and it appears that the trial justice saw and heard the whole affair. The summary adjudication was based, therefore, upon the personal knowledge of the trial justice.

In *Matter of Teitelbaum* (84 App. Div. 351) the defendant was adjudged guilty of a criminal contempt in the immediate view and presence of the court during the trial of a civil action. He was charged with abstracting and secreting the contract which was the subject of investigation on the trial. He was summarily adjudged guilty and the mandate of commitment recited that the trial justice saw the transaction.

The adjudication was based in part upon the observations of the trial justice of the act committed in his immediate presence. Summary punishment was, therefore, within the power of the court. (Judiciary Law, § 751.)

The offender appealed to the Appellate Division. That court decided that there was nothing before that court to review. It said: " No court would be authorized to review the proceeding unless a record was made up, properly authenticated, and thereby enable the reviewing court to see what the actual case was upon which the court acted in adjudging the defendant guilty of contempt " (p. 353).

The court observed that an affidavit submitted by the appellant could not be treated as taking the place of a properly authenticated return made by the trial justice. It decided that the proper method of review was not by appeal but by certiorari, and dismissed the appeal. This court modified the order of the Appellate Division dismissing the appeal and affirmed the order of the Trial Term (185 N. Y. 540), thereby deciding that as the appeal did not present any question for review, the order of the Trial Term should be affirmed and that the appeal should not have been dismissed.

The decision has always been treated as a definite holding that the proper method of reviewing a mandate committing a person for a criminal contempt during the trial of a civil case in the immediate view and presence of the court where the trial judge personally observed the conduct adjudged to be a criminal contempt is by certiorari. While the Appellate Division reached the right conclusion as to the proper method of review, the case of *People ex rel. Taylor* v. *Forbes* (143 N. Y. 219), which it cited as sustaining its conclusion, is not applicable as that case grew out of a proceeding in criminal court. The review in a criminal case is by certiorari. (*People ex rel. Taylor* v. *Forbes, supra; People ex rel. Negus* v. *Dwyer, supra.*)

While the question has not been raised directly in this court since the decision of the *Teitelbaum* case, it has apparently been assumed that the decision in that case

settled the practice and required a review by certiorari. (*Matter of Waldman* v. *Churchill, supra.*)

The order of the Appellate Division should be reversed and the motion granted, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order reversed, etc.