THOMAS C. WILWERTH, Respondent, *v.* MYRON M. LEVITT, Appellant, Impleaded with SAN JUAN SHIPPING COMPANY, INC., Defendant.

First Department, June 18, 1941.

*Jonas J. Shapiro* of counsel [*Callman Gottesman* with him on the brief; *Greenbaum, Wolff & Ernst*, attorneys], for the appellant.

*Clarence S. Barasch* of counsel [*Pfeiffer & Crames*, attorneys], for the respondent.

PER CURIAM. Defendant-appellant Levitt has been summarily adjudged guilty of a criminal contempt of court, without an opportunity to be heard, for contumacious conduct in refusing to answer questions propounded to him on an examination before trial. He was ordered to be imprisoned until he answered two questions, and was fined $250, which fine he was directed to pay to plaintiff.

The questions were read to the court in chambers. Apparently only counsel were present at that time. The court directed that defendant Levitt answer the questions, but did not give that

direction to defendant in person. The proceedings were then resumed in an examination room, whereupon the refusal to answer took place. We deem that under these circumstances the acts constituting the basis of the alleged contempt were the acts occurring in the examination room. These acts did not take place in the immediate view and presence of the court. There was no power to punish summarily under such circumstances. (*Matter of Douglas* v. *Adel*, 269 N. Y. 144.)

In addition, the provisions that a fine be levied on defendant and paid to plaintiff were improper in a criminal contempt. Such a fine must be paid into the public treasury and not to a party. (*People ex rel. Munsell* v. *Court of Oyer & Terminer*, 101 N. Y. 245.)

Respondent contends that appeal does not lie from the order adjudging appellant guilty of contempt, but that the sole right of review is by proceedings in the nature of certiorari. This contention would be correct if the case were one of a summary commitment based on the court's own knowledge as to acts committed in its presence. (*Matter of Douglas* v. *Adel, supra.*) In such a case the facts supporting the commitment would be established by the judge's return. Here the acts constituting the alleged misconduct could be established only by proof as to what occurred in the court's absence. The present record contains proof of these acts. Accordingly appeal would appear to be the proper remedy, for in no other way can the determination be adequately reviewed. (Civ. Prac. Act, § 1285, subd. 4.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

Present — MARTIN, P. J., TOWNLEY, DORE, COHN and CALLAHAN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.