In the Matter of LEON GOODMAN, Respondent, against J. ROLAND SALA, as Magistrate of the City of New York, Appellant.— In a proceeding under article 78 of the Civil Practice Act, in the nature of certiorari to review, a magistrate of the city of New York appeals from an order denying his motion to vacate a resettled order which annulled the summary commitment of the respondent by the appellant for a criminal contempt of court. Order affirmed, with ten dollars costs and disbursements. Appellant contends that the Special Term was without jurisdiction to review the summary commitment and that such jurisdiction lies solely with the Appellate Division under sections 40 and 102-a of the New York City Criminal Courts Act. (L. 1910, ch. 659, as amd.) There is a marked difference between the review of a summary commitment, which is by certiorari, and the review of a determination made on a trial or hearing on which a record is made, which is by appeal. The reason for reviewing a summary determination by certiorari is that otherwise there would be nothing before the court to be reviewed. (*Matter of Douglas* v. *Adel,* 269 N. Y. 144, 148, 150.) See, also, *Matter of Teitelbaum* (84 App. Div. 351, mod. and affd. 185 N. Y. 540), discussed in *Matter of Douglas* v. *Adel* (*supra*). While section 751 of the Judiciary Law (second paragraph) provides that one guilty of criminal contempt committed in the immediate view and presence of the court may be punished summarily, that does not mean that he must be so punished. The court may inflict punishment after notice and the taking of formal proofs, and an order entered on such formal proofs is reviewable by appeal. (*People ex rel. Choate* v. *Barrett,* 56 Hun 351, 355, 356, affd. 121 N. Y. 678.) Thus section 40 of the New York City Criminal Courts Act would apply to such a situation. Section 40 does not provide that the Appellate Division shall have exclusive power to review an order punishing for contempt made by a city magistrate, but that the Appellate Division shall have exclusive power to hear and deter-

mine appeals in the first instance from a judgment, order or other determination of a magistrate made pursuant to section 102-a (should be 102-b) of the same act, which gives a magistrate power to punish for a criminal contempt. Section 1285 of the Civil Practice Act provides that procedure under article 78 shall not be available to review a determination where it was made in a criminal matter, except a criminal contempt of court, or where it can be reviewed adequately by an appeal to a court or to some other body or officer. Reading section 40 of the New York City Criminal Courts Act and section 1285 of the Civil Practice Act together in the light of the cases considered above, a summary order of the kind made in the present case cannot be reviewed by appeal to any court, and an order of certiorari is the only means by which it can be reviewed. Even if these statutes were in apparent conflict, the case at bar would fall under the rule that " When some office or function can by fair construction be assigned to both acts, and they confer different powers to be exercised for different purposes, both must stand, though they were designed to operate upon the same general subject " (*Woods* v. *Supervisors, etc.,* 136 N. Y. 403, 409). Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.