Dore, J.
Plaintiff, an attorney, sues defendant, a City Magistrate, for slander, alleging that defendant in the hearing of others falsely and maliciously made certain defamatory state-. ments about him and also charged him with soliciting clients in the courthouse corridor.
Annexed to the complaint and made part thereof is Exhibit A, a transcript of the official stenographic minutes recorded in the court at the time the statements were made. The exhibit thus made part of the complaint supersedes conclusory allegations of the complaint itself, and if there is any variance between the complaint and the exhibit as to what was said and what happened, the exhibit controls (Sardone v. Diamond Holding Co., Inc., 244 App. Div. 300, 303; Rubin v. Siegel, 188 App. Div. 636, 638).
The complaint read with the exhibit shows that the statements were made by defendant in the Magistrate’s Court, City of New York (Felony Court, Borough of The Bronx), over which defendant was actually presiding in his official capacity as a judicial officer. The court was in session and the magistrate on the bench was endeavoring to procure before the court proper attendance of persons after he had been obliged to suspend for fifteen minutes because of their prior nonattendance in the courtroom and loitering in the corridor of the courthouse. It also indicates that the statements were not addressed to plaintiff individually. Accordingly, the complaint fails to show that the claimed defamatory remarks were charges against plaintiff; and it does indicate that no charge of soliciting was made against him as the court said, ‘ ‘ If I find anybody is soliciting, I will punish him ”, but did not undertake to punish plaintiff. The innuendoes pleaded cannot enlarge or add to the sense of the words spoken. (Hays v. American Defense Society, 252 N. Y. 266, 269.)
On the facts and circumstances disclosed, the claimed defamatory statements were absolutely privileged and accordingly the complaint is insufficient. The immunity of judges for statements made and acts done in their judicial capacity is for sound reasons of public interest and policy a fundamental *480 principle of our jurisprudence on which rests the independence of the-administration of justice (Yates v. Lansing, 5 Johns. 282, 291). In that case Chief Justice Kent, directing entry of judgment in favor of the defendant, said: ‘ ‘ The doctrine which holds a judge exempt from a civil suit or indictment, for any act done, or omitted to be done by him, sitting as judge, has a deep root in the common law. It is to be found in the earliest judicial records, and it has been steadily maintained by an undisturbed current of decisions in the English courts, amidst every change of policy, and through every revolution of their government. A short view of the cases will teach us to admire the wisdom of our forefathers, and to revere a principle on which rest's the independence of the administration of justice.” This immunity extends even to • defamatory statements made by a judicial officer in the course of his official acts (Karelas v. Baldwin, 237 App. Div. 265, 269). In that case, reversing a judgment on the law and dismissing the complaint, the court said: “ The public mischief which would ensue from permitting civil actions of this sort to be brought against judicial officers far outweighs the private inconvenience or damage to individuals who may deem themselves aggrieved by judicial conduct.” :
In Scott v. Stansfield (L. R. 3 Ex. 220, 222-223), sustaining the defense of absolute privilege in reference to a county judge, Chief Baron Kelly held: “ The question arises, perhaps for the first time with reference to a county court judge, but a series of decisions uniformly to the same effect, extending from the time of Lord Coke to the present time, establish the general proposition that no action will lie against a judge for any acts done or words spoken in his judicial capacity' in a court of justice. This doctrine has been applied not only to the superior courts, but to the court of a coroner and to a court martial, which is not a court of record. It is essential in all courts that the judges who are appointed to administer the law should be permitted to administer it under the protection of the law independently and freely, without favour and without fear. This provision of the law is * * * for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.”
Here the statements were made by defendant in the course of his official duties which included the right to preserve order and prevent interruptions of the court’s proceedings through nonattendance of persons. (See Matter of Douglas v. Adel, 269 *481 N. Y. 144,146; People v. Higgins, 173 Misc. 96,104 [Conway, J., at Extraordinary Special Trial Term in Erie County, Dec. 1939]; cf. also New York City Criminal Courts Act, § 102-1).)
As the statements here in question were absolutely privileged, the pleading is subject to a motion to dismiss and the defense of privilege need not be first alleged (Valesh v. Prince, 177 App. Div. 891, affd. 224 N. Y. 613).
The ruling in Lange v. Benedict (73 N. Y. 12, 37) is not at variance with our conclusion. In that case the Court of Appeals affirmed a judgment in favor of the defendant, a judicial officer, on the ground that he had jurisdiction and was acting in his judicial capacity, stating “ as his act was not without the inception of jurisdiction, but was one no more than in excess of or beyond jurisdiction, the act was judicial.”
For the reasons stated the order must be reversed and it is unnecessary to consider other points raised, but see Shankroff v. La Guardia (247 App. Div. 785, appeal to the Court of Appeals denied 272 N. Y. 679).
The order, so far as appealed from, denying defendant’s motion to dismiss the amended complaint for legal insufficiency should be reversed, with $20 costs and disbursements to the appellant, and the motion granted.
Mabtin, P. J., Townley, Glennon and Cohn, JJ., concur.
Order, so far as appealed from, unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted.