In the Matter of FRANK C. MOORE, as Comptroller of the State of New York, on Behalf of the New York State Employees' Retirement System, Petitioner, against BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 1 OF THE TOWN AND CITY OF CANANDAIGUA, et al., Respondents.

Supreme Court, Special Term, Ontario County, November 22, 1947.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Arthur W. Mattson* and *Douglas S. Rider* of counsel), for petitioner.

*Frederic T. Henry* for respondents.

CRIBB, J. The specific question here presented does not appear to have received judicial consideration heretofore.

The petitioner, as administrative head of the New York State Employees' Retirement System, has applied for an order directing the respondent, The Board of Education, Union Free School District No. 1 of the Town and City of Canandaigua, New York,

which is a participating organization in said retirement system to pay $195.41 in addition to $1,110.69 already paid by it for its normal contribution and deficiency contribution to the pension accumulation fund and its administrative contribution for the fiscal year ended June 30, 1943, and also to pay $1,718.79 for such contributions for the fiscal year ended June 30, 1944, said respondent having tendered $1,412.01 in payment thereof, which tender was not accepted by the petitioner. Participating organizations in said retirement system are required, by certain provisions of articles 4 and 5 of the Civil Service Law, to pay annually into its pension accumulation fund percentages of the earnable compensation of each of its employees who is a member of the retirement system. The respondent Board of Education has paid the proper percentages on the sum of $16,310.14, which is the total of salaries paid to all of its employees in the fiscal year ended June 30, 1943, and has tendered payment of the proper percentages on the sum of $18,980.96, which is the total of salaries paid to all of its employees in the fiscal year ended June 30, 1944. The petitioner demands payment for the first fiscal year in question, of said percentages on the sum of $19,622 and for the second fiscal year of said percentages on the sum of $21,365. The excess of amounts on which the petitioner bases his demands over the amounts on which said respondent has contributed and offered to contribute is made up of two items: first, the petitioner has included, in his amounts, one year's salary at the respective last payroll rates, for each of said respondent's former employees who worked no part of the respective fiscal years in question but had worked within the last five years and had not withdrawn their contributions from the retirement system; second, the petitioner also included in his amounts one year's salary, computed at the salary rate shown on the last payroll period of the respective fiscal years for each of said respondent's employees, even though some of them had been employed during only a portion of the respective years in question and the rate of compensation of some of them had been increased during said years.

The petitioner contends that the first of these items of excess, over said respondent's employees actual total salaries, is required to be included because former employees of a participating organization who have not withdrawn their contributions from the retirement system remain members thereof for five years (Civil Service Law, § 52, subd. 9) and that the provisions of paragraph (a) of subdivision 3 of section 58

of the Civil Service Law require contributions to be paid annually, into the pension accumulation fund, on account of each member, of certain percentages of his earnable compensation. The petitioner further contends that the earnable compensation of members of the retirement system who were not employed by a participating organization during a given year is the amount he would have received if he had worked for the participating organization throughout that year at the same rate of compensation which he received during the last preceding year in which he did work and that such amount is to be added to the total of salaries paid to all other member employees of the participating organization. This would result in a participating organization paying more than one contribution for a position in which only one person is employed, and, therefore, some participating organizations would not be contributing to the pension accumulation fund on a fair and equitable basis but organizations, whose former employees had quit working and had been replaced would be paying more than their proper share as compared with organizations in which none of the employees had quit.

When the applicable provisions of the Civil Service Law are construed in the light of their obvious purposes and underlying policy the petitioner's interpretation of the law in this respect becomes noxious and cannot be sustained.

" It is always presumed, in regard to a statute, that no unjust or unreasonable effect was intended by the legislature. The statute, unless the language forbids, must be given an interpretation and application consonant with the presumption." (*People* v. *Santoro*, 229 N. Y. 277, 281; *Matter of Meyer*, 209 N. Y. 386.)

The petitioner's interpretation of paragraph (a) of subdivision 3 of section 58 of the Civil Service Law is not harmonious with the provisions of paragraphs (b) and (c) of that section of the Law.

" No interpretation of a word, phrase or sentence contained in it should be made without reference to the scheme of the entire section." (*Matter of General Reinsurance Corp.* v. *Pink*, 269 N. Y. 347, 350.)

" Not only are different parts of the same act interpreted together, but different acts which are in pari materia are to be construed each in the light of the other." (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 97, p. 167; *Matter of Goodman* v. *Sala,* 268 App. Div. 826.)

Section 78 of the Civil Service Law, which applies to said respondent in this proceeding, provides that participating organizations shall pay " a pro rata share of the cost of the administration of the retirement system, based upon the payroll of the employees of such participating organization ". Payroll is stated by subdivision 22 of section 50 of the Civil Service Law to " mean annual compensation earnable by members employed by * * * a participating organization." Certainly a member is not employed who neither renders service to a participating organization during the fiscal year nor receives compensation from it. Although, as the petitioner contends, paragraph (a) of subdivision 3 of section 58 of the Civil Service Law states that " On account of each member there shall be paid annually into the pension accumulation fund * * * for the preceding fiscal year a certain percentage of his earnable compensation to be known as the ' normal contribution,' and an additional percentage of his earnable compensation to be known as the ' deficiency contribution ' ", this provision does not in any way require or permit the earnable compensation of a member who has not been employed during the year to be included at a full year's pay at the rate received in a previous year, when he was employed, as contended for by the petitioner. On the contrary, the earnable compensation of such an employee for a year when he was not employed would be nothing, both as a basis of determining the employer's contribution to the pension accumulation fund and as a basis of determining the employee's payments to the annuity savings fund, under the provisions of subdivision 1 of section 58 of the Civil Service Law.

The pension which a member of the Retirement System will receive on superannuation retirement is based only on his actual service and no credit is allowed for time when a member has been unemployed. (Civil Service Law, § 63.) So, there is no reason to pay into the pension fund any contributions for a member's period of unemployment when such member will receive no pension allowance for such period. Moreover, paragraph (b) of subdivision 3 of section 58 of the Civil Service Law provides that the percentage to be determined for the " normal contribution " rate shall be an amount which if contributed for the entire period of active service of the average new entrant would provide for any pension or other benefit payable to him. Thus the rate so determined contemplates contributions only during a member's active service and so fixed as to be sufficient to fully pay pensions and also " other

benefit[s] payable ''. Such contribution is stated in the law to be '' on the basis of his compensation throughout his entire period of active service ''. Certainly this does not contemplate that contributions will be paid when an employee receives no compensation and renders no active service. In fact it is consistent only with the theory on which the respondent has contributed and offered to pay in this proceeding viz., on the basis of compensation paid throughout active service.

Paragraph (c) of subdivision 3 of section 58 of the Civil Service Law specifies the method by which the '' deficiency contribution rate '' is to be determined. It is to be based on '' total compensation of all members during the preceding fiscal year '', and is made on account of members '' during the remainder of their active service ''.

The words '' total compensation '' and '' active service '' in this subdivision of the section make it clear that no '' deficiency contribution '' is to be paid on account of members who were not employed during the fiscal year, because such members neither received '' compensation '' nor rendered '' active service ''. It will not be assumed that the Legislature would provide for the establishment of rates based on '' compensation '' and '' active service '' and intend such rates to be applied to cases of no compensation and no service.

I, therefore, conclude that the respondent is not required to pay any contribution into the pension accumulation fund on account of any former employee who rendered no active service and received no compensation during the respective fiscal years in question.

Turning now to the second item of excess over the amount on which respondent has contributed and on which the petitioner has based his demands, viz., that contributions be based on a full year's salary for every employee on the payroll at the end of the fiscal year computed at the rate of compensation paid in the last payroll period of such fiscal year, I find nothing in the provisions of the law authorizing contributions to be so fixed.

The requirements of paragraph (a) of subdivision 3 of section 58 that contributions to the '' pension accumulation fund '' shall be percentages of each member's '' earnable compensation '' are fully carried out by payment of the proper percentages of the actual compensation paid by a participating member to its employees. By so holding proper effect is given to the words '' compensation '' and '' active service '', appearing in paragraphs (b) and (c) of subdivision 3 of section 58 of the

Civil Service Law, above mentioned. There is here no necessity or justification for applying computations which the law does not authorize where the actual amount paid each employee can be readily and correctly determined by the simple process of addition:

The petitioner's application should be denied and his petition dismissed except that the order to be entered herein should require the respondent, The Board of Education, Union Free School District No. 1, Town and City of Canandaigua, N. Y., to pay to petitioner, the sum of $1,412.01, without interest, as and for its normal and deficiency contributions to the pension accumulation fund and its administration contribution for the fiscal year ended June 30, 1944, as previously tendered by it.

Let an order enter accordingly.