Froessel, J. (dissenting).
I dissent. A recital, in the presence of the court, of events which took place outside the presence of the court is not an event which occurred in the court’s immediate view and presence within the purview of section 751 of the Judiciary Law.
Although the testimony given before the Grand Jury was read to the court at the contempt hearing, there was no refusal by relator to answer in the presence of the court. Indeed, the District Attorney, recognizing that relator did not state in open court that he would not answer the question, argued that the refusal to answer before the Grand Jury “was *57 in effect communicated to the Court in its immediate view and presence * * It, therefore, appears that the acts constituting the alleged contempt were the unsatisfactory answers given to the Grand Jury, and that these acts were not committed in the immediate view and presence of the court. Under these circumstances, relator was entitled to be “ notified of the accusation” and given “ a reasonable time to make a defense ” (Matter of Spector v. Allen, 281 N. Y. 251; Matter of Douglas v. Adel, 269 N. Y. 144,147; People v. Higgins, 173 Misc. 96, 103).
Here, relator appeared before the Grand Jury on November 1, immediately thereafter was brought before the County Court, and, after a brief hearing held over repeated objections by his counsel, he was found guilty of contempt, sentenced and incarcerated, all on the same day. This certainly does not seem to me to meet the requirements of section 751 of the Judiciary Law and of our holdings in Matter of Spector v. Allen (supra) and Matter of Douglas v. Adel (supra); on the contrary, the basic protective constitutional rights afforded by section 751 of the Judiciary Law were denied relator (People ex rel. Roache v. Hanbury, 162 App. Div. 337, 342).
The three eases cited by the majority (People v. Hackley, 24 N. Y. 74; Matter of Costello v. Schurman, 6 Misc 2d 66, and People v. Costello, 6 A D 2d 385, affd. 6 N Y 2d 761) are clearly inapposite. In each of those cases the defendant declared in open court his refusal to answer the questions put to him during the Grand Jury proceeding. It was thus his declared refusal to answer in open court — and not his refusal during the Grand Jury hearing—that constituted the contempt committed in the immediate view and presence of the court.
For the foregoing reasons, I vote for reversal.
Judges Dye, Fuld, Van Voobhis, Burke and Foster concur with Chief Judge Desmond; Judge Froessel dissents in a separate opinion.
Order affirmed.