Mario Pittoni, J.
Petitioner applies in this habeas corpus proceeding for an order setting hail or for permission to file an undertaking, whichever term is appropriate, pending appeal from his sentence of 30 days imposed upon him by a Judge of the County Court on January 24, 1969. My use of the words “bail” and “ undertaking,” in the alternative, is motivated by the District Attorney’s argument that the contempts involved herein are civil rather than criminal.
Petitioner was subposnaed and did appear before the June and July, 1968 sessions of the Grand Jury. He was given immunity and was thereafter asked a number of questions by the District Attorney about policy and other gambling activities of certain persons, including his father. Upon his refusal to answer, he was brought before a County Judge, was found *1024 guilty of contempt, and was sentenced to 30 days in the county jail.
Petitioner was thereafter subpoenaed and appeared before the September, 1968 session of the Grand Jury. He was again given immunity and, upon his refusal to answer questions by the District Attorney as to the same activities regarding policy and other gambling activities of the same persons mentioned to him in the June and July, 1968 Grand Jury sessions, he was brought before a County Judge, a hearing was held, the Grand Jury minutes pertaining to the petitioner’s interrogation and answers were read in open court and, after argument of counsel, the County Judge on October 25, 1968 again found petitioner guilty of contempt and imposed another sentence of 30 days.
Petitioner was again subpoenaed and again appeared before the December, 1968 and January, 1969 sessions of the Grand Jury. He was again given immunity and, upon his refusal to answer questions by the District Attorney as to the same activities for which he was questioned in the June, July, 1968 and September, 1968 Grand Jury sessions, that is, regarding the policy and other gambling activities of the same persons mentioned in those prior Grand Jury sessions, he was again brought before a County Judge, another hearing was had, the Grand Jury minutes pertaining to the interrogation of the petitioner and his answers thereto were again read in open court and, after argument of counsel, the County Judge, on January 24, 1969 again found petitioner guilty of contempt and imposed another sentence of 30 days. Petitioner is now serving this sentence.
Petitioner has brought this hearing on by a writ of habeas corpus because the District Attorney claims that this is a civil contempt. It is difficult to say whether this is a civil or criminal contempt. A reading of the Judiciary Law (§ 750, subd. A, par. 5), defines criminal contempt as: “Contumacious and unlawful refusal to be sworn as a witness; or, after being sworn, to answer any legal and proper interrogatory.” Section 753 (subd. A, par. 5) states in respect to civil contempt: “ A person subpoenaed as a witness, for refusing * * * to answer as a witness.” The Penal Law (§ 215.50, subd. 4) defines criminal contempt as follows: 11 Contumacious and unlawful refusal to be sworn as a witness in any court proceeding, or, after being sworn, to answer any legal and proper interrogatory ’ ’. Reading these sections, who can say how they differ?
Be that as it may, the District Attorney insisted on the oral argument that this is a civil contempt (even though the formal commitment order of January 24, 1969 said the petitioner was *1025 guilty of criminal contempt) and that a habeas corpus proceeding was not proper under the circumstances, but that an article 78 proceeding was the proper one.
In this connection Weinstein-Korn-Miller in their New York Civil Practice (vol. 7A, pars. 7003.6 and 7003.7) say:
“ The first of these subdivisions [Civ. Prac. Act, § 1231, subd. 2; § 1252, subds. 2 and 3] appeared to require the writ to issue whenever the prisoner was detained for any contempt. Section 1252 appears to have required release wherever the imprisonment was based upon a civil contempt.
“It is difficult to justify any exception for contempts — whether civil or criminal — from the normal habeas corpus test of illegal detention.” (Par. 7003.6; see People v. McMann, 18 NY 2d 257.)
‘ ‘ The law is not clear today with respect to the proper mode of attacking a contempt order.” (Par. 7003.7.)
It should be added, that since ‘1 habeas corpus is considered a civil proceeding because 8 * * it is based upon a civil right to be free from unlawful detention ” (Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7001.5), it would be ironical if it could not be used to request bail or an order permitting an undertaking in a civil contempt.
Clearly, no matter what the proceeding is called, petitioner has a right of appeal and, pending that determination, should not have to languish in jail. In a case involving human rights and liberties, the courts should not be too concerned with titles or nomenclatures of the proceeding involved.
An excellent opinion by Mr. Justice Farley, dated December 7, 1967, is pertinent and I quote therefrom:
“ Upon appearing in the County Court, the judge presiding directed the stenographer who transcribed the testimony before the grand jury to testify, and he read into the record the minutes of that proceeding. The court, after listening to arguments of counsel, directed the witness to answer, and, upon request, granted a five-minute recess. Further argument was then entertained, and the witnesses asked if they would answer. When they refused to do so, me judge adjudged them guilty of contempt and sentenced them to thirty days in jail.
“ A criminal contempt committed in the immediate presence and view of the court and punished summarily is reviewable in an article 78 proceeding (Code of Criminal Procedure, section 515; CPLR 7801, subdivision 2; Taylor v. Forbes, 143 N. Y. 219 ; Matter of Douglas v. Adel, 269 N. Y. 144). However, when formal proof is taken with respect to the acts or conduct alleged to constitute the contempt, the matter is reviewable by appeal *1026 (Matter of Goodman v. Sola, 268 App. Div. 826, app. dism. 293 N. Y. 761; People v. Woodruff, 50 Misc 2d 430; see also 13 Annual Report of Judicial Council 1947, 236, 237). * * * Instead, the contempt committed before the grand jury was established in court at the hearing held for this purpose, and punishment imposed for such conduct as proved by the record. Review of the sufficiency of the proof or the adequacy of the hearing held is by appeal (People v. Woodruff, 50 Misc 2d 430).” (Matter of Corcione, N. Y. L. J., Dec. 13,1967, p. 21, col. 3.)
In short, whether we call it a criminal or civil contempt, petitioner has a right to appeal and he should nqt be forced, pending appeal, to complete his 30-day jail sentence so as to make his appeal moot and meaningless.
Petitioner has raised in his petition four arguable constitutional principles. They have been fully argued on the record and I shall not repeat them.
The most arguable point raised by petitioner is that it is unconstitutional for the District Attorney to ask the petitioner the same line of questions regarding policy and other gambling activities by the same persons after he has already twice refused and has already been twice punished for that refusal. In this case, the petitioner is now serving a third sentence of 30 days for his refusal to answer the same line of questions regarding the same persons before a third Grand Jury session. Under People v. Riela (7 N Y 2d 571, 576, 578), petitioner’s claim seems to be well taken. Although the factual pattern is not exactly the same, the principle is that defendant has committed but a single contempt with relation to one subject, and whether we call it criminal or civil, he is being punished for the same basic act a third time (see, also, Yates v. United States, 355 U. S. 66, 73; United States v. Costello, 198 F. 2d 200, 204, cert. den. 344 U. S. 874; United States v. Orman, 207 F. 2d 148, 160; Maxwell v. Rives, 11 Nev. 213, 221; Fawick Airflex Co. v. United Elec., Radio & Mach. Worhers, 56 Ohio L. Abs. 419, 426, 92 N. E. 2d 431, 436, app. dsmd. 154 Ohio St. 206).
The United States Supreme Court said in Yates v. United States (supra, p. 73): “ the prosecution cannot multiply con-tempts by repeated questioning on the same subject of inquiry within which a recalcitrant witness already has refused answers.”
In the Costello case, the United States Court of Appeals, Second Circuit, said (p. 204) : “ But when the defendant made his position clear, the Committee could not multiply the contempt, and the punishment, by continuing to ask him questions each time eliciting the same answer: his refusal to give any testimony.”
*1027 And in the Orman case, the United States Court of Appeals, Third Circuit, said (p. 160): “ But where the separate questions * * * relate to but a single subject of inquiry, only one penalty for contempt may be imposed. ’ ’
It should also be mentioned that the January, 1969 session of the Grand Jury returned two indictments for criminal contempt against petitioner for his failure to testify before the prior Grand Juries in the same areas of investigation involved in these contempt proceedings now in issue.
Enough has been shown that there is an arguable question for appeal. If this were an application for a certificate of reasonable doubt in a criminal prosecution, the certificate would be granted. Therefore, whether we call this a civil or criminal contempt, petitioner is entitled to be released pending appeal upon the giving of sufficient bail or undertaking.