In the Matter of the Contempt Proceedings against JAMES C. CLEARY, a Member of the Bar, Appellant.

COUNTY CLERK OF NEW YORK COUNTY and Others, Respondents.

First Department, February 3, 1933.

*James C. Cleary*, appellant, in person.

*John T. Hogan* of counsel, for the respondent County Clerk of New York County.

*Vine H. Smith* of counsel [*J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondents Chamberlain and Comptroller of the City of New York.

MARTIN, J. James C. Cleary, who has been a member of the bar of the State of New York for more than twenty-five years, appeared as a witness at the trial of an action in the Supreme Court, New York county. During the trial a controversy arose between the court and the witness, with the result that the witness was held for contempt of court and fined $250, for which the clerk issued a receipt, the fine having been paid under protest.

By an order to show cause, the appellant moved for an order directing that the money paid by him as a fine be returned, upon the grounds that it was paid under protest, and because of an illegal threat of immediate imprisonment; that no order of commitment of the Supreme Court or any other court has ever been made or entered adjudging or decreeing that he was in contempt of court or directing or requiring him to pay the fine.

It is argued by appellant that there is nothing to show what conduct on his part was held to be contemptuous, or any written order or commitment setting forth the reason for the fine which may be reviewed in the appellate court.

The respondents contend that the appellant's procedure is defective in that it attempts a review of a disciplinary ruling which review is not permitted; that the contempt proceeding and the imposition of the fine were had in accordance with express statutory authority, and in proper form; that the appellant's conduct was contumacious and that there is no basis for a review or disapproval by this court of the holding of the appellant in contempt.

The justice at Special Term denied the motion upon the ground that the record failed to disclose the fact that the justice presiding at the trial failed to enter an order as required by section 755 of the Judiciary Law. The failure or refusal to comply with the statute should not be held sufficient to defeat all efforts to redress an alleged wrong, or to prevent an appeal. This court may examine the record and grant any relief to which the appellant may be entitled.

The Special Term denied the motion with leave to renew after a proper and complete record was made. It is not clear how any record other than the one presented to the court on appeal may be made. It is evident that the court was of the opinion that there was a failure to comply with section 755 of the Judiciary Law.

The appellant contends, therefore, that the clerk of Part V, Trial Term, the comptroller or city chamberlain had no authority to receive or accept the alleged fine in advance of the making and entry of such an order as specifically required by section 755 of the Judiciary Law; that the sole ground upon which the court at Special Term denied the motion is untenable and that the petitioner has purged himself of any and all contempts.

Section 755 of the Judiciary Law provides as follows· " When punishment may. be summary. Where the offense is committed in the immediate view and presence of the court, or of the judge or referee, upon a trial or hearing, it may be punished summarily. For that purpose, an order must be made by the court, judge, or referee, stating the facts which constitute the offense, and bring the case within the provisions of this section, and plainly and specifically prescribing the punishment to be inflicted therefor."

The appellant also contends that the safeguards provided by the statutes and required by the procedure for the protection of one punished for contempt, and which insure a proper review thereof, were not followed; that no order or judgment of any kind was entered by the court upon which the facts alleged to constitute a contempt are set forth or may be reviewed; that there appears on the record only the oral statement by the court at the conclusion of the so-called hearing to the following effect: " I find you guilty of contempt of court and I fine you $250."

It is also argued by the appellant that this being a criminal contempt, the provisions of section 752 of the Judiciary Law must be complied with. That section provides: " Requisites of commitment for criminal contempt. Where a person is committed for contempt, as prescribed in section seven hundred and fifty-one, the particular circumstances of his offense must be set forth in the mandate of commitment."

The absence of an order setting forth the facts which constitute the alleged offense as required by the provisions of section 755 of the Judiciary Law and plainly and specifically prescribing the punishment to be inflicted therefor was not the only defect. There was, in fact, no written order of any kind entered by the justice and no commitment. An oral statement of the proceedings may not be substituted for the written order required by the Judiciary Law. In addition, a written order of the court duly recorded is required for a permanent and public record of the proceeding.

It has been frequently pointed out that the procedure required by statute must be followed so that one held for contempt may bring up for review on appeal the question whether there was in fact a contempt. (*People ex rel. Barnes* v. *Court of Sessions,* 147

N. Y. 290, 296.) This very drastic remedy is seldom resorted to by the justices of our courts. When, however, to maintain the dignity of the court, it becomes necessary to commit a person for contempt, it seems to us that the court should familiarize itself with the procedure to be followed in order that the order of commitment, when proper, may be sustained on appeal.

In *Matter of Tri-State Investors Corp.* v. *Kitching* (231 App. Div. 143; affd., 257 N. Y. 573) and cases cited therein, the law on this subject is fully set forth.

The order should be reversed, with twenty dollars costs and disbursements, and the court at Special Term directed to make and enter an order directing the comptroller of the city of New York to pay over to petitioner the amount of the fine involved in this proceeding.

FINCH, P. J., O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and the court at Special Term directed to make and enter an order in accordance with the opinion. Settle order on notice.