In the Matter of the Petition of LUCILLE PUGH, Petitioner, against KEYES WINTER, Justice of the Municipal Court of the City of New York, Borough of Manhattan, Respondent.*

Supreme Court, Special Term, New York County, November 15, 1937.

*Enos S. Booth* [*Harris Jay Griston* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Robert P. Beyer, Assistant Attorney-General,* of counsel], for the respondent.

STEUER, J.   The petitioner, an attorney, was found guilty of a criminal contempt committed in the presence of the respondent, a justice of the Municipal Court of the City of New York.

The petition is in the nature of a writ of certiorari to review this determination and seeks to have the order and warrant of commitment annulled.

* Modfd. and affd., 253 App. Div. 295.

The practice for review of a finding of criminal contempt in a civil proceeding was by certiorari in instances where the alleged contemptuous acts were wholly within the knowledge of the justice making the order and by appeal where such acts were established by independent evidence. (*Matter of Douglas* v. *Adel*, 269 N. Y. 144.)

In the case at bar the procedure would have been by certiorari. In such a proceeding the questions to be determined are whether the return to the petitioner shows the commission of a criminal contempt by petitioner, and whether the order or warrant of commitment recites facts upon which a finding of contempt can be made. The statements in the return are conclusive. (*Matter of Waldman* v. *Churchill*, 262 N. Y. 247.) Examining the return and order of commitment, it is found that contemptuous conduct is set out. Nothing further remains to be determined.

It is claimed on behalf of petitioner that article 78, sections 1283 *et seq.*, of the Civil Practice Act, changes the procedure so that there may be an adjudication by court or jury as to whether petitioner is in fact guilty of what is claimed in the return, or, if so, whether there was provocation for any part of her conduct. The article in question (§ 1283) provides that the relief heretofore obtained by certiorari shall be obtained as provided in the article. It further provides that the proceeding for review is to be brought on at a Special Term of the Supreme Court (§ 1287). It also provides (§ 1295) that upon the return day of the application if no triable issue of fact is raised the court should render such final order as the case requires. Where a triable issue is raised, there are provisions for the disposition of the issues. Nothing in the section indicates that there is any change in the existing substantive rules of law. The return of the justice is still conclusive and, being so, no triable issue of fact is presented.

It appears that after the commission of the contempt the respondent entertained argument upon the question of the punishment to be inflicted, and this argument was reported by the court stenographer. A copy of the minutes is attached to the return. Nothing therein contained, however, is the basis for the finding of contempt so that the matter here is one resting solely upon the personal observation of the judge.

Motion is denied.