Louis L. Friedman, J.
Motion for a certificate of reasonable donbt. The proceeding is one in which the petitioner has been adjudged guilty of a criminal contempt of court for failing to answer properly the questions propounded to him before the so-called Rackets Girand Jury of the County of Kings. Upon such alleged failure to so answer the questions properly, the petitioner was called before a Judge of the County Court, at which time a hearing was held, stenographic minutes taken (which have been reviewed by this court) and upon the record thus made, the witness was directed to answer the questions more categorically. Upon the failure of the witness allegedly to comply with the direction of the court, although the witness contends that he did comply, the order adjudging that the petitioner was guilty of a criminal contempt of court was thereupon made. Petitioner was fined the sum of $250 and committed to jail for a period of 30 days.
Petitioner has now been in jail for a period of approximately nine days. He has served a notice of appeal from such conviction or determination, and now contends that if this certificate is not granted, his present sentence will have been fully served before the appeal can be heard and decided, and that it will be of little comfort to him if such appeal should subsequently result in a reversal (except for the remission of the fine imposed).
The District Attorney argues, in opposition to this application, that a certificate may not be granted in this type of case, since it is not a conviction within the meaning of section 527 of the Code of Criminal Procedure. In that connection, section 527 provides: " An appeal to the appellate division of the supreme court from a judgment of conviction, or other determination from which an appeal can he taken, stays the execution of the judgment or determination upon filing with the notice of appeal, a certificate ” etc. (emphasis supplied). It is clear from a reading of this section that the words ‘ ‘ or other determination from which an appeal can be taken ’ ’ bring this application within the purview of section 527.
A conviction for a criminal contempt of court may be reviewed in one of two ways, depending upon the circumstances which existed at the time that the adjudication of contempt was made. If the alleged contempt was within the view and presence of the court, then even without the taking of any record, the order of *641 adjudication constitutes the entire record and the review, if any, must be by certiorari. On the other hand, if the adjudication of contempt was based upon acts which occurred outside of the view and presence of the court, then the proper remedy for review is by appeal, and under such circumstances the appellate court will determine the appeal based upon not only the order of adjudication, but also upon the minutes and other papers submitted to it.
In this case, it appears affirmatively that the alleged contempt was for acts which did not occur within the view and presence of the court. The petitioner was directed to answer questions before a Grand Jury, and whether he did or did not so answer questions was the fact which the court subsequently determined. The answers could not have been given before the County Judge because the proceedings before the Grand Jury are secret, and no one but the members of the Grand Jury, the assistant district attorney, the witness and the stenographer were permitted to be in the grand jury room. Therefore, the actual alleged act of improperly answering, of which the petitioner stands accused and convicted, did not occur within the view and presence of the court. As a matter of fact, minutes were taken of the proceedings and if this were the type of proceeding where the conviction could be reviewed by certiorari, there would have been no necessity for the taking of any record of the proceedings.
The Appellate Division in this department, in Matter of Grand Jury of County of Kings (Reardon) (278 App. Div. 206) specifically pointed out that this is the type of conviction which may be reviewed by appeal. That being so, the case falls squarely within the provisions of section 527 as being a ‘ ‘ determination from which an appeal can be taken ”.
The question then arises as to whether the record before the court presents a question for appellate review. In the opinion of the court, it does present such a question and since if this certificate be not granted, the term of imprisonment of the petitioner will have been served before the matter can be reviewed, the court is constrained to certify and does hereby certify that in the opinion of said court, there is reasonable doubt whether the judgment of conviction should stand. In coming to this conclusion, the court believes that a fair question for appellate review is presented as to whether the witness (petitioner before this court) committed contempt in failing more categorically to answer the questions asked of him before the Grand Jury. Bail is fixed in the sqm of $500, Submit order,