Nicholas M. Pette, J.
Pursuant to article 78 of the Civil Practice Law and Rules, petitioner brings this proceeding for an order annulling the “ adjudication for criminal contempt ” of petitioner, made by respondent, a Justice of the Civil Court *1070 of the City of New York, and to set aside and vacate the fine imposed thereunder.
No written mandate or order adjudging petitioner guilty of a contempt has been entered. Respondent seeks the dismissal of the petition on the ground that, in effect, there is nothing for this court to review pursuant to the provisions of article 78 of the Civil Practice Law and Rules.
From the transcript of the minutes of the proceedings herein involved, which respondent has made a part of the record before this court, it appears that on February 11, 1964, in Civil Court, Queens County, Small Claims Part, petitioner appeared before respondent, then presiding, as counsel for defendant in an action brought for breach of contract and in the course of cross-examining the plaintiff — who was unrepresented by counsel — the petitioner asked the respondent to disqualify himself and that the following colloquy ensued:
“ the court: Let us stop wasting time. I am trying a case. Let us proceed. That is like the same story that you told me on Monday when you wanted an adjournment.
‘ ‘ MR. borden : Sir-
“ the court: Let us proceed.
“ mr. borden: Your Honor, the remark made-
“ the court: Let us proceed.
“ mr. borden: At this point, I am asking your Honor to disqualify yourself and I would like it to be stated on the record why.
“ the court: Let us proceed with this case. You are now directed to proceed. I want no further words from you about it.
‘ ‘ mr. borden : I must make a statement for the record.
‘ ‘ the court : Did you hear what I just said to you.
“mr. borden: I would like to make a statement for the record.
“ the court: You are going to proceed with the trial of this case.
‘ ‘ mr. borden : The remark made by the Court-
“the court: Let us not have another word of that. You are now being punished for contempt of Court, and you will show cause why you should not be at 10:00 o’clock a.m., Part III, in this building.
‘ ‘ mr. borden : I will be very, very happy to. If you think I was disrespectful to this Court, I will take my punishment.
“the court: Counsel, I am asking you to keep quiet and proceed with the trial of this case.
“ mr. borden: Part of the trial of the case is that your Honor disqualifies himself.
*1071 11 the court: I will now punish you. You will take him into imprisonment. Fifty Dollars fine to be paid and two days. Let him get another attorney here.
“ mr. borden: I will try it, for I have asked your Honor to disqualify himself.
‘ ‘ the court : I am not going to say another word. Take him into custody. He is punished for contempt.
‘1 mr. borden : I would like to complete the case. I will continue the case, if your Honor denies my motion.
‘ ‘ the court : One more word and we will stretch the term that you will have to stay. ’ ’
It appears that the foregoing took place about 8:45 p.m. and that petitioner left the courtroom in the custody of the Court Officer; also that shortly thereafter he reappeared before respondent who then stated that:
‘1 the court : The record will indicate that in view of the hour that is involved here and in view of the fact that the Clerk’s Office is closed, it is not possible for the Court, at this particular moment, to obtain a proper order of commitment, the Court reduces the time to be served by the attorney to the time already held in custody.
“ He is now discharged insofar as the time to be served.”
Insofar as pertinent here, section 750 of the Judiciary Law provides:
“ A. A court of record has power to punish for a criminal contempt, a person guilty of any of the following acts, and no others:
“ 1. Disorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority.”
Section 752 of the Judiciary Law, as amended by chapter 310 of the Laws of 1962, effective September 1, 1963, states: “ [a] mandate punishing a person summarily for a contempt committed in the immediate view and presence of the court, is reviewable by a proceeding under article seventy-eight of the civil practice law and rules ”. (Emphasis supplied.)
However, in the case at bar there is no such mandate which the court may review before it. The rule strictissimi juris controls in matters involving criminal contempts. (Brandenburg v. Metropolitan Package Store Assn., 29 Misc 2d 817.)
From the foregoing, it is manifest that a contempt committed in the immediate view and presence of the court is made formal by a written mandate and, as prescribed by the Judiciary Law, *1072 section 752, it is the mandate that is reviewable in an article 78 proceeding. Consequently, unless a mandate is entered, an oral order of the court is no more reviewable under article 78 than a jury verdict would be appealable in the absence of the entry of a judgment. (People ex rel. Clarke v. Truesdell, 79 N. Y. S. 2d 413, 415, 416.)
In the Clarice case (supra) the court stated: “ The legality of the detention [for a summary contempt] must stand or fall upon the sufficiency of the Mandates of Commitment. * * * In a summary criminal contempt proceeding, the knowledge of the Justice before whom the contempt occurred, takes the place of proof. His recital of the particular facts upon which the contempt is based, as set forth in the Mandate of Commitment, becomes the record. The reason for this requirement is well grounded. As distinguished from a contempt proceeding on notice, where a record is usually made and reviewable by appeal, in a summary contempt proceeding the only record before the reviewing court is the Mandate of Commitment itself. Unless the commitment, on its face, discloses the particular facts and circumstances of the contempt, review is impossible."
It is apparent that the requirement that the mandate be reviewed is jurisdictional. (Cf. Matter of Grand Jury, Kings County, 3 Misc 2d 639, 640-641; Matter of Pugh v. Winter, 166 Misc. 95, 96, mod. as to punishment, 253 App. Div. 295.)
The petitioner has not been formally held in contempt at all in any reviewable sense, absent an order or warrant of commitment since there is no determination for the court to review as our courts have repeatedly held. (People ex rel. Clarke v. Truesdell, supra; Matter of Costello v. Schurman, 6 Misc 2d 66, 70.)
An oral statement of the proceedings may not be substituted for the written contempt mandate required by section 752 of the Judiciary Law. (Matter of Cleary, 237 App. Div. 519.) The court may look only to the mandate of commitment wherein are recited the facts upon which the adjudication of contempt is based. (Matter of Boasberg v. Munson, 286 App. Div. 951, 952.)
Section 24 of the Civil Rights Law, referred to by petitioner, does not contemplate nor apply to a situation such as the one involved in the case at bar. All the cases cited by petitioner dealt with contempts in which it was held that a proper review may not be made without the entry of a written order or mandate setting forth the particular facts and circ.umsta9.ces of the commitment,
*1073 It also appears that the petitioner has not paid the fine imposed (orally) by the court, and since no written order or mandate adjudicating him guilty of contempt was entered, petitioner is under no legal compulsion to pay the same.
Upon all the papers submitted on this motion, the court is of the opinion that in the absence of an order or mandate of commitment, there is nothing for the court to review and accordingly must deny petitioner’s motion. Motion denied.