■ In the Matter of JOHN J. LYNCH, Petitioner, v. STEVEN B. DEROUNIAN, as a Justice of the Supreme Court of the State of New York, Respondent.— Proceeding pursuant to statute (Judiciary Law, § 755; CPLR 7804, subd. [b]; CPLR 506, subd. [b], par. 1) to annul a determination of the Supreme Court, Nassau County, made June 9, 1972 by the respondent Justice of said court, which (a) summarily adjudged petitioner, an attorney, guilty of contempt of court committed in the immediate view and presence of the court and (b) fined him $50. Petition dismissed, on the law, without costs. Section 755 of the Judiciary Law, providing for summary punishment when an offense is committed in the immediate view and presence of the court, requires that a written order be made setting forth the facts constituting the offense and plainly prescribing the punishment imposed. No written order was entered in this case

and the record merely contains the following direction of the respondent Justice addressed to petitioner: "I will fine you $50 for contempt of Court." A written order is indispensable to a review of a contempt citation (*Matter of Borden* v. *Tobias*, 42 Misc 2d 1069; *Matter of Cleary*, 237 App. Div. 519). Under the circumstances there is nothing before us for review. Despite the failure of the respondent Justice to enter a written order, as required by the statute, we have nevertheless examined the record and find no basis for the determination holding petitioner in contempt of court. The petitioner may, of course, receive back the $50 fine paid by him pursuant to the unwarranted direction of the court by making an appropriate application at Special Term (*Matter of Cleary, supra*). Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.