■  In the Matter of ORLANDO S., Appellant.—Appeal from an order of the Family Court, Kings County, dated May 20, 1975, which, upon a determination made after a hearing that appellant had committed an 'act which, if done by an adult, would constitute the crime of rape in the first degree, placed him with the New York State Division for Youth, Title III, for 18 months. Order reversed, on the facts, without costs or disbursements, and petition dismissed. The determination of the fact-finding court was against the weight of the evidence. Latham, Acting P. J., Damiani, Hawkins and O'Connor, JJ., concur.

■  In the Matter of MATTHEW A. SOLANO, Appellant, v LAWRENCE N. MARTIN, as County Judge of Westchester County, Respondent.—Proceeding pursuant to CPLR article 78 and section 755 of the Judiciary Law to review a decision of the County Court, Westchester County, made March 19, 1976, by the respondent Judge of said court, which (1) summarily adjudged petitioner, an attorney, guilty of contempt of court committed in the immediate view and presence of the court and (2) fined him $50 in lieu of one day's imprisonment at the Westchester County Penitentiary. Petitioner has also filed a notice of appeal from the aforesaid decision. Appeal dismissed, without costs or disbursements (see Judiciary Law, § 755). Petition dismissed, on the law, without costs or disbursements. No review lies from a contempt citation which has not been reduced to writing (see Judiciary Law, § 755; *Matter of Lynch v Derounian,* 41 AD2d 740; *Matter of Cleary,* 237 App Div 519; *Matter of Borden v Tobias,* 42 Misc 2d 1069). The failure of the court to reduce its finding to writing vitiates the contempt citation. Respondent concedes that, on appropriate application, the citation should be expunged and the fine remitted. Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur.