(May 6, 1986)

■ MICHAEL P. PINTO, Respondent, v EDWINA PINTO, Also Known as EDWINA VALLEJO, Appellant.—Order, Supreme Court, Bronx County (David Levy, J.), entered April 16, 1985, which granted plaintiff's motion to punish defendant for contempt and denied defendant's motion for renewal of plaintiff's motion for an order holding defendant in contempt and vacating a prior order of said court which had held defendant in contempt unless she permitted the appraisal of her premises in question by Paul Schnitta, unanimously reversed, on the law, on the facts and in the exercise of discretion, defendant's renewal motion granted and, upon renewal, the finding of contempt is vacated, and the matter remanded to Supreme Court, Bronx County, for a hearing regarding the selection of the third appraiser to determine the fair market value of the premises, without costs.

The underlying facts are undisputed. The parties were divorced by judgment of the Supreme Court, Bronx County, on March 6, 1980. The defendant wife was awarded exclusive possession of the marital residence at 133 Travers Avenue, Yonkers, New York. The judgment provided for the sale of the house upon certain contingencies, one of which was the remarriage of the defendant. The judgment further provided "that upon the sale of the house the defendant is to have the first option to buy the house at the fair market value, each party selecting their own broker to appraise the value of the house. If the parties cannot agree, the brokers shall select a third broker who will arrive at the value of the house, and that value shall be binding on the parties".

Upon defendant's remarriage, the parties invoked these provisions of the divorce judgment. Defendant hired a broker who, in November 1982, appraised the house at a value between $98,000 and $110,000, while plaintiff's broker appraised the property in January 1983 at $130,000. At this juncture a third appraiser became necessary and it is the selection of such third appraiser that gives rise to the instant controversy.

Plaintiff moved to hold defendant in contempt, submitting his attorney's affirmation as well as his own affidavit, each alleging that since the two original appraisers could not agree on the valuation of the house, they had selected Mr. Paul

Schnitta in the summer of 1983 to be the third appraiser, but that defendant refused him access to the house. Defendant countered with her own affidavit stating that Mr. Michael Muro had been selected, with plaintiff's consent, to be the third appraiser and, in fact, appraised the house in February 1983. A letter from Mr. Muro addressed to plaintiff is attached to defendant's papers indicating that Mr. Muro's appraisal was *at plaintiff's request.*

Despite this obviously sharp question of fact, Justice Levy granted the motion to punish defendant for contempt unless she allowed Mr. Schnitta to appraise the house.

Defendant did not appeal from this order but did promptly move for renewal, in connection with which she submitted the affidavit of her original appraiser, who swore that he and plaintiff's original appraiser consented to Mr. Muro as the third appraiser. Defendant also submitted an attorney's affirmation, which, in the nature of reargument, alleged that the court overlooked and misapprehended material facts.

In this case the motion to renew should have been granted. While a motion for renewal generally must be based on newly discovered facts *(e.g., Foley v Roche,* 68 AD2d 558, 568), this rule is not totally inflexible and a court has discretion to grant renewal even upon facts known to the movant at the time of the original motion. *(Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865, 866.) In this rare case, the court should have exercised its discretion and granted renewal.

Contempt is a drastic remedy which should not be granted absent a clear right to the relief. When the papers on a motion for contempt raise any factual dispute not capable of resolution on the papers, a hearing must be held before a party can be adjudicated in contempt. *(Quantum Heating Servs. v Austern* 100 AD2d 843.) Where there is as sharp a factual dispute as exists here, relating to the issue that bears directly on the alleged circumstances of the contempt, the motion should have been granted and a hearing held. Concur —Murphy, P. J., Sullivan, Carro, Rosenberger and Ellerin, JJ.