■ In the Matter of RONALD G. LOEBER, Petitioner, v JOSEPH C. TERESI, as Justice of the Supreme Court, et al., Respondents. ROBERT MARINI BUILDER, INC., Respondent, v CHARLES J. RAO, Defendant and Third-Party Plaintiff-Respondent; RONALD G. LOEBER, Individually and as Proposed Executor/Administrator of the Estate of CONRAD LOEBER, Deceased, et al., Third-Party Defendants-Appellants. [681 NYS2d 416] —Spain, J. (1) Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent Joseph C. Teresi from enforcing an order of contempt against petitioner, and (2) appeals (i) from an amended order of the Supreme Court (Teresi, J.), entered December 3, 1997 in Albany County, which, *inter alia*, granted defendant's motion for a default judgment on the third-party complaint, and (ii) from an order of said court, entered February 17, 1998 in Albany County, which, *inter alia*, appointed a receiver and ordered the receiver to execute a deed on behalf of third-party defendant Ronald G. Loeber.

In 1991, Conrad Loeber (hereinafter decedent) conveyed his farm located in the Town of Guilderland, Albany County, to defendant, Charles J. Rao. The deed from decedent to defendant reserves the farmhouse, as well as a water easement over the conveyed property. In 1996, defendant sold the parcel to plaintiff, Robert Marini Builder, Inc. At that time a defect was noticed in the original 1991 deed to defendant regarding the location of the parcel reserved by decedent; that defect is also set forth in the deed to plaintiff which then commenced this action against defendant seeking a corrective deed. Defendant, thereafter, commenced a third-party action against "Ronald L. Loeber Jr.", individually and as executor/administrator of decedent's estate.

Ronald G. Loeber (hereinafter Loeber), son and heir of decedent, did not serve or file an answer to the third-party complaint but, instead, acting *pro se*, filed a "notice of intent", a signed document stating his intention to appear and defend the matter and raising jurisdictional issues regarding the third-party summons and complaint, asserting that the named third-party defendant, "Ronald L. Loeber Jr.", does not exist. On November 12, 1997 defendant moved by order to show cause for a default judgment on the third-party complaint based upon the third-party defendant's failure to answer. The day after defendant obtained the order to show cause he served an amended third-party summons and complaint on Loeber which correctly states Loeber's name, sets forth an additional cause of action, seeks additional relief and adds Loeber's sister, Elaine Buckley, as an additional third-party defendant. On November 21, 1997, the return date of the motion for a default judgment, despite Loeber's presence in court and his expressed intention to defend the action (*see, Meyer v A & B Am.*, 160 AD2d 688), Supreme Court rejected his jurisdictional arguments, granted a default judgment to defendant and directed Loeber to execute a corrective deed.[1]

On December 23, 1997 and on two subsequent adjourn dates, Loeber refused to sign a proposed corrective deed, arguing that it extinguished his retained water easement. After repeatedly being ordered by Supreme Court to execute the deed and warned that he would be held in contempt if he did not comply, Loeber continued to refuse to sign the deed. On December 30, 1997 Supreme Court found Loeber in contempt and sentenced him to a jail term of six months. Loeber then initiated this CPLR article 78 proceeding challenging the court's order holding him in contempt. Defendant eventually moved to appoint a receiver to execute the deed; Supreme Court granted the motion, a receiver was appointed and the receiver executed the proposed deed. This Court granted a stay in the proceedings and a stay in the execution of the six-month jail sentence and released Loeber, after 45 days of incarceration. Loeber has also appealed from the orders which granted the default judgment and which appointed the receiver to execute the corrective deed.

Initially, we conclude that Loeber's CPLR article 78 proceed-

---

1. Loeber's 20 days to answer the amended third-party summons and complaint had not yet expired on the day the default judgment was granted (Nov. 21, 1997), as he was served with the amended summons and complaint on November 13, 1997. Notably, the order to show cause and the order granting the default judgment reflect the title of the amended summons and complaint which includes Loeber's correct name and added Buckley.

ing challenging the contempt determination was properly commenced. CPLR 7801 (2) states that a CPLR article 78 proceeding cannot be used to challenge a determination "which was made in a civil action or criminal matter unless it is an order summarily punishing a contempt committed in the presence of the court". Here, Loeber was summarily found in civil contempt. The order of commitment, dated December 30, 1997, reflects that the basis for the six-month jail sentence is "Civil Contempt of Court § 755 of Judiciary Law". In further support of our conclusion that this was a summary contempt proceeding, the record reflects that the alleged offensive conduct was committed in the immediate view and presence of the court, there was no motion made to hold Loeber in contempt and there was no separate evidentiary hearing held to determine the contempt issue (*see generally, Matter of Katz v Murtagh*, 28 NY2d 234; *Matter of Waterfront Commn. [Lamas]*, 245 AD2d 63, 65). Consequently, a CPLR article 78 proceeding is the proper remedy.

Moving next to the merits of the petition, we conclude that the relief sought by Loeber should be granted. Contempt is a drastic remedy which necessitates strict compliance with procedural requirements. "Every order adjudging a party guilty of a civil contempt must contain three items: (1) a description of the acts which were committed or omitted by the [party] constituting the contempt; (2) a determination of what the [party] should do, or how much he should pay, if anything, in order to purge himself from contempt; and (3) an adjudication that the acts done or omitted impaired the rights of a party to the action" (21 NY Jur 2d, Contempt, § 136, at 523). (*See*, Judiciary Law §§ 755, 774 [1].) The mandate that a contempt order be reduced to writing is an indispensable requirement (*see*, Judiciary Law § 755; *Matter of Lynch v Derounian*, 41 AD2d 740; *Matter of Cleary*, 237 App Div 519). Here, Supreme Court did not make a written order and the commitment order contains little more than the length of the jail sentence.[2] Accordingly, we conclude that the petition challenging the contempt order should be granted, the underlying contempt order reversed and the contempt expunged.

Next, it is clear that Loeber's appeal of Supreme Court's default order was untimely and, therefore, must be dismissed. CPLR 5513 (a) provides that an appeal must be taken within 30 days after service upon the appellant of a copy of the order

**2.** It is not clear from the record why, at the first indication of Loeber's refusal to sign the proposed corrective deed, Supreme Court did not, *sua sponte*, appoint a receiver to sign the deed.

appealed from with written notice of its entry. Moreover, if service is made by mail, five days shall be added to the time within which an appeal must be commenced (*see*, CPLR 2103 [b] [2]; [c]). Here, the order appealed from, dated and entered December 3, 1997, without stating the court's reasons for doing so, directed that Loeber be served with the order "pursuant to any of the relevant provisions" of CPLR 308. On December 4, 1997, Loeber was served with the order by what might be compared to substitute service, when a copy of the entered order was served at his place of residence to his wife, with a copy also being sent to him by mail to the same address. Loeber filed his notice of appeal on January 13, 1998. He now argues that, pursuant to CPLR 308 (2), his time to file his notice of appeal did not begin to run until 10 days after proof of service was filed and, as the affidavit of service of the order was not filed until December 16, 1997, his 30-day appeal period did not begin to run until December 26, 1997. We find this argument unpersuasive.

While it is true that Supreme Court directed that Loeber be served pursuant to CPLR 308, which deals with service of pleadings, service of the order with notice of entry was complete when it was placed in the mail. Under the statutory rules of service of an order with notice of entry, defendant was not required to personally serve Loeber (*see*, CPLR 5513 [a]; 2103 [b] [2]; [c]). In our view, although Supreme Court ordered an alternate method of service that required defendant to do more than placing the documents in the mail, Loeber's time to file a notice of appeal was not altered. Loeber was served on December 4, 1997 when the process server served Loeber's wife and mailed a copy of the order and notice of entry to his residence. Adding five days, as provided in CPLR 2103 (b) (2) and (c), to the allotted 30 days (CPLR 5513 [a]), Loeber's time to file his notice of appeal expired on January 8, 1998. Consequently, Loeber's appeal, filed January 13, 1998, is untimely and must be dismissed (*see*, *Eigenbrodt v Eigenbrodt*, 217 AD2d 752; *Blank v Schafrann*, 206 AD2d 771, 772).

Inasmuch as the appeal of the default judgment has been dismissed as untimely, Loeber's appeal of the order appointing a receiver to sign the corrective deed and denying his cross motion to renew is deemed academic.

Mikoll, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Adjudged that the petition is granted, without costs, and the record of the finding of contempt shall be expunged. Ordered that the appeal of the amended order and order are dismissed, as academic, without costs.