NANCY A. EATON, Respondent, v EDWARD M. EATON, Appellant. [848 NYS2d 786]—

Appeal from a decision of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), dated July 15, 2005 in a matrimonial action. The decision found defendant in civil contempt of an order and sentenced him to a term of incarceration of 30 days.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs.

Memorandum: Supreme Court sua sponte made a summary finding that defendant was in civil contempt of its order based on his alleged failure to transfer to plaintiff certain marital property pursuant to the stipulation entered into by the parties in their divorce action (*see* Judiciary Law § 756), and the court sentenced defendant to a 30-day term of incarceration (*see generally* § 755). "The mandate that a contempt order be reduced to writing is an indispensable requirement" (*Matter of Loeber v Teresi*, 256 AD2d 747, 749 [1998]; *see* §§ 755, 770), and here the record establishes that no order was reduced to writing. Inasmuch as defendant purports to appeal from a transcript of the court proceedings rather than from an order, the appeal must be dismissed (*see* CPLR 5512 [a]; *Blaine v Meyer*, 126 AD2d 508 [1987]; *Matter of Solano v Martin*, 55 AD2d 620 [1976]). We note that, although the statute of limitations may have expired with respect to defendant's right to challenge the contempt proceeding by way of a proceeding pursuant to CPLR article 78 (*see* Judiciary Law § 755; CPLR 217 [1]; *Loeber*, 256 AD2d at 748-749), defendant may nevertheless obtain an order of commitment or an order implementing the court's contempt finding and sentence and appeal from such order (*see* CPLR 5513 [a]). Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.