■ BENSON PARK ASSOCIATES LLC, Appellant, v ALEXANDER HERMAN, Defendant. RITA HERMAN, Nonparty Respondent. [941 NYS2d 108]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered March 24, 2011, which denied plaintiff's motion to hold nonparty Rita Herman in contempt for failing to comply with a judicial subpoena, unanimously affirmed, without costs.

It was error for the motion court to sua sponte deny the motion on the ground that plaintiff sought contempt against Ms. Herman by way of a motion instead of a special proceeding (*see Long Is. Trust Co. v Rosenberg*, 82 AD2d 591, 597 [1981]). The parties had no notice that the issue would be considered by the court and thus no opportunity to address it. Moreover, that particular challenge to the court's personal jurisdiction was waived because it was not raised in Ms. Herman's answering papers (*see People ex rel. Golden v Golden*, 57 AD2d 807 [1977]). Nevertheless, Ms. Herman's conclusory denial of service is insufficient to rebut the affidavit of service of the order to show cause (*see Matter of de Sanchez*, 57 AD3d 452, 454 [2008]).

The motion should have been denied on the merits, as "[c]ontempt is a drastic remedy which should not be granted absent a clear right to the relief" (*Pinto v Pinto*, 120 AD2d 337, 338 [1986]). Here, Ms. Herman appeared for a scheduled deposition. Her refusal to answer questions regarding her children, who are not parties to the action or alleged to have been involved in any transfers of assets relevant to this post-judgment proceeding cannot be considered "disobedience to a lawful mandate of the court" (Judiciary Law § 753 [A] [3]).

Moreover, Ms. Herman's failure to appear for the continued deposition on the advice of counsel based upon an imminent bankruptcy filing does not warrant holding her in contempt. Although the failure to appear was disobedience of a court order, plaintiff failed to show that it was prejudiced (*see Garcia v Great Atl. & Pac. Tea Co.*, 231 AD2d 401, 402 [1996]). The record establishes that any claims of prejudice are unpersuasive since plaintiff's counsel failed to pursue relevant questions in the earlier deposition and is still able to depose Ms. Herman. Concur—Tom, J.P., DeGrasse, Freedman, Richter and Román, JJ.