# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**866**

**CA 11-01457**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

NANCY A. EATON, PLAINTIFF-RESPONDENT,

               V                         MEMORANDUM AND ORDER

EDWARD M. EATON, DEFENDANT-APPELLANT.

---

EVANS & FOX LLP, ROCHESTER (JARED P. HIRT OF COUNSEL), FOR
DEFENDANT-APPELLANT.

---

Appeal from an order of the Supreme Court, Cattaraugus County
(Larry M. Himelein, A.J.), entered May 5, 2011. The order committed
defendant to the Cattaraugus County Jail for 30 days for contempt of
court.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs.

Memorandum: After plaintiff commenced this action for divorce,
the parties entered into a stipulated settlement (settlement
agreement), the terms of which were placed on the record in open court
on April 22, 2005. Pursuant to the terms of the settlement agreement,
plaintiff was to retain two pieces of real property, and defendant had
30 days in which to execute deeds transferring those properties to
plaintiff. Defendant failed to do so, and plaintiff moved by order to
show cause to have defendant, inter alia, sign the transfer documents.
At the July 15, 2005 appearance on that motion, defendant stated that
he was not prepared to execute the transfer documents inasmuch as he
believed that the property transfer would be illegal, and he therefore
needed "input" from his accountant before taking any such action.
Supreme Court found defendant "in contempt of the order" of April 22,
2005 and committed him to the Cattaraugus County Jail for 30 days. We
now reverse.

The court issued a written order of commitment on July 15, 2005,
but it was not filed at that time. Defendant therefore attempted to
appeal from a transcript of the July 15, 2005 proceedings. We
dismissed that appeal pursuant to CPLR 5512 (a), and we noted that
defendant could "obtain an order of commitment or an order
implementing the court's contempt finding and sentence and appeal from
such order" (*Eaton v Eaton*, 46 AD3d 1432, 1432). The written order of
commitment was finally filed on May 5, 2011.

We agree with defendant that the court erred in finding him "in
contempt of the order" of April 22, 2005 because there was no such

order in effect on July 15, 2005, when the court found defendant in contempt. The judgment of divorce incorporating the April 22, 2005 settlement agreement was not signed until August 1, 2005 and was not entered until August 11, 2005. Therefore, on July 15, 2005, defendant was not in violation of any lawful mandate of the court and could not be found in criminal contempt (*see* Judiciary Law § 750 [A] [3], [4]) or civil contempt (*see* § 753 [A] [3]; *see generally McCain v Dinkins*, 84 NY2d 216, 226; *Matter of McCormick v Axelrod*, 59 NY2d 574, 583, *order amended* 60 NY2d 652).

Based on our resolution of this issue, we do not address defendant's remaining contentions.

Entered: September 28, 2012

Frances E. Cafarell
Clerk of the Court