■ FRANCES C. PETERS, Appellant, v GEORGE CHRISTY PETERS et al., Defendants. UBS AG, Nonparty-Respondent. [9 NYS3d 297]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered December 20, 2013, which, to the extent appealed from, denied plaintiff's motion to compel nonparty witness UBS AG to comply with a subpoena and instructed plaintiff to use the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (23 UST 2555, TIAS No. 7444 [1970]) (Hague Convention) in order to seek the documents at issue, unanimously modified, on the law and the facts, to compel UBS to produce any responsive documents not subject to Swiss banking confidentiality laws, and otherwise affirmed, without costs.

In this action, plaintiff asserts causes of action against her mother and brother for conversion, unjust enrichment, and fraud in relation to the distribution of assets from the Greek estate of plaintiff's late aunt, which plaintiff believes her aunt intended her to receive. Plaintiff served a subpoena on UBS, the bank that held the assets of plaintiff's late aunt. UBS objected to the subpoena, conceding general jurisdiction, but arguing, in part, that the banking secrecy laws of Switzerland prevented it from producing certain documents. Plaintiff moved to compel compliance with the subpoena.

On appeal, UBS argues for the first time that, under the standard established by the United States Supreme Court in *Daimler AG v Bauman* (571 US —, 134 S Ct 746 [2014]), which was decided after the court denied plaintiff's motion to compel, the court lacks personal jurisdiction over UBS and therefore cannot compel compliance with the subpoena. However, the *Daimler* decision supports plaintiff's position that *Daimler* did not establish a new rule, but "clarified" the general jurisdiction standard previously "set forth" in *Goodyear Dunlop Tires Operations, S.A. v Brown* (564 US —, 131 S Ct 2846 [2011]; *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F3d 30, 37 [2d Cir 2014]), which was decided before plaintiff made its motion to compel. Under the standard first articulated in *Goodyear*, UBS did not contest in its motion papers that it is "essentially at home" in New York (564 US at —, 131 S Ct at 2851); therefore, it waived its objection based on personal jurisdiction.

The IAS Court providently exercised its discretion in directing plaintiff to use the Hague Convention to obtain any docu-

ments subject to Swiss banking secrecy laws. Although the documents sought are critical to the litigation, and the document requests are sufficiently specific, it is undisputed that the documents originated and reside in Switzerland (*see Tansey v Cochlear Ltd.*, 2014 WL 4676588, *2, 2014 US Dist LEXIS 132021, *7 [ED NY, Sept. 18, 2014, No. 13-CV-4628 (SJF) (SIL)]). In addition, the interests of international comity, coupled with UBS's status as a nonparty in this litigation, weigh in favor of the application of the Hague Convention (*see id.*; *see also Tiffany [NJ] LLC v Qi Andrew*, 276 FRD 143, 157 [SD NY 2011], *affd* 2011 WL 11562419, 2011 US Dist LEXIS 158033 [SD NY, Nov. 14, 2011, No. 10-Civ-9471(WHP)]). UBS presented a legal opinion that the disclosure of any confidential information about its customers in violation of Swiss law would subject its employees to potential criminal prosecution, fines, and even imprisonment (*see Motorola Credit Corp. v Uzan*, 2003 WL 203011, *7, 2003 US Dist LEXIS 1215, *20 [SD NY, Jan. 29, 2003, No. 02-Civ-666 (JSR) (FM)]). Further, UBS's conduct in this litigation does not rise to the level of bad faith (*see generally Tansey*, 2014 WL 4676588, *2, 2014 US Dist LEXIS 132021, *7).

Accordingly, considering all of the factors set forth in *Tansey* (*see id.*), the court properly required plaintiff to proceed first under the Hague Convention (*see Orlich v Helm Bros.*, 160 AD2d 135, 143 [1st Dept 1990]). However, the same concerns of international comity do not apply to any documents that are not subject to Swiss banking secrecy laws. Accordingly, UBS is directed to produce those documents, to the extent they exist, and if none exist, provide an affidavit in conformity with the CPLR. Concur—Tom, J.P., Sweeny, Manzanet-Daniels and Clark, JJ.