Figueroa v 5 Star Auto Sales Inc. (2024 NY Slip Op 24170)

[*1]

Figueroa v 5 Star Auto Sales Inc.

2024 NY Slip Op 24170

Decided on June 13, 2024

District Court Of Nassau County, First District

Agazarian, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on June 13, 2024
District Court of Nassau County, First District

Mark Kenneth Figueroa, Plaintiff,

against
5 Star Auto Sales Inc., Defendant.

Index No. SC-001572-23/NA

Mark Kenneth Figueroa, Plaintiff Pro Se
5 Star Audo Sales Inc., Defendant Pro Se

Jaclene Agazarian, J.

The following papers were read on this motion:
Plaintiff's Order to Show Cause, Affirmation, Exhibits X
 PRELIMINARY STATEMENT
Often described as the "People's Court," (see e.g. Dyce v. Singer, 40 Misc 3d 12, 968 N.Y.S.2d 313 [1st Dept., 2013]); A. Veder, M.D, P.C. v. Countrywide Ins. Co., 28 Misc 3d 860, 905 N.Y.S.2d 443 [Civ Ct, City of NY, 2010]); Robinson v. Robles, 28 Misc 3d 868, 906 N.Y.S.2d 844 [City Ct., 2010]; Kyle-Lewis v. Optimum, 74 Misc 3d 1209(a), 159 N.Y.S.3d 830 [Civ Ct., City of NY, 2022]), the very purpose of small claims court is to provide litigants with streamlined, inexpensive and simplified legal services.
Unfortunately, that is not always the case. A prevailing Plaintiff who is awarded a money judgment is often left to figure out how to collect on the judgment without the assistance of counsel. This can be a long and frustrating process, without yielding positive results. Such is the case here, where despite Plaintiff proving damages against the Defendant, obtaining a money judgment, acquiring the appropriate forms from the Court Clerk to assist in collection, and appearing in Court on multiple occasions, the Court must deny the Plaintiff's instant application for an adjudication of contempt against the Defendant.

 PROCEDURAL HISTORY
Plaintiff commenced this small claims action by filing a complaint on or about October 23, 2023, alleging that Defendant wrongfully failed to pay wages earned by him for the period starting in June, 2023 and ending on October 9, 2023. When Defendant failed to appear on the hearing date of November 29, 2023, an Inquest was held and the Court granted Plaintiff a money judgement totaling $2,060.16 (J. Montesano).
By Order to Show Cause dated January 8, 2024, Defendant moved to vacate and set aside the judgment. Plaintiff appeared on the return date of January 31, 2024, but the Defendant did not, at which time the Defendant's application was denied (J. Schulman). That denial has not been appealed.
Because the judgment remained unpaid, Plaintiff sought assistance from the Court. He was provided with an Information Subpoena, signed by the Civil Term Clerk, which was served by certified mail on April 9, 2024. The Subpoena directed Defendant to answer, in writing, under oath, each question set forth therein and to return it to Plaintiff within seven days of receipt.
Upon receiving no response to the Subpoena, Plaintiff against sought assistance from the Court. He filed the instant Order to Show Cause on April 19, 2024, which was signed by the Court (J. Prime) on April 23, 2024. The Order to Show Cause, seeking an adjudication of contempt against Defendant for failure to respond to efforts to collect the judgment, was served upon Defendant on April 25, 2024. The application was heard before the undersigned on June 5, 2024, at which time it was submitted, unopposed.[FN1]

DISCUSSION
Oftentimes, a small claims Plaintiff who is successful at trial or inquest may nonetheless find themselves in a worse financial position than where he or she started if the judgment is not paid. As the "People's Court," with a maximum jurisdiction of $5,000.00 (See: UDCA §1801), the undersigned has presided over claims for as low as $15.00. A small claims Plaintiff must incur fees to file a claim and must often miss work (and pay) to appear in Court on more than one occasion. If a judgment is unpaid, he or she may incur additional fees to pay for a Transcript of Judgment and Information Subpoena, and must then pay for service by certified mail, often without collecting on the judgment.
It is difficult for a prevailing Plaintiff to understand that even though they proved their case and were awarded damages by a Judge, the Court cannot literally reach into the pockets of a Defendant and hand the money over to the Plaintiff. Litigants are often surprised to hear there are additional steps they must take to obtain relief in the event of non-payment, particularly because "[s]mall claims court may be the only contact many people will ever have with the court system" ( Siegel, NY Prac. §581 [6th ed.]).
Pursuant to NY Uniform Dist. Ct. Act §1812(d):
Where a judgment has been entered in a small claims court and remains unsatisfied, the small claims clerk shall, upon request, issue information subpoenas, at nominal cost, for the judgment creditor and provide the creditor with assistance on their preparation and use. The court shall have the same power as the supreme court to punish a contempt of court committed with respect to an information subpoena.
Refusal or neglect to obey said Information Subpoena is punishable as a contempt of [*2]court under CPLR §5251 and Judiciary Law §753(5). In this case, although the Plaintiff paid the costs for an Information Subpoena and followed the steps as he believed them to be for the Court to find Defendant in contempt, his application must be denied for failure to demonstrate when, and even if, the Defendant actually received the Subpoena.
Service of an Information Subpoena may be made by certified mail, as was the case here. CPLR §5224(a)(3) provides that service of an Information Subpoena, accompanied by a copy and original of written questions and a prepaid addressed return envelope, "may be made by registered or certified mail, return receipt requested." Although Plaintiff served in this manner, in order for the Court to consider an adjudication of contempt, he must also demonstrate that the mail was signed for by someone acting on Defendant's behalf or that it was otherwise received by Defendant (Jack Mailman & Leonard Flug DDS, PC, v. Belvecchio, 195 Misc 2d 275, 276, 757 N.Y.S.2d 216 [App. Term 2002]; Dashiff v. Grant, 15 Misc 3d 1102, 841 N.Y.S.2d 819 [Nassau Co., 2007]; Southern Chautauqua Co. Federal Credit Union v. Moore, 54 Misc 3d 285, 39 N.Y.S.3d 360 [Sup. Ct., Chautauqua Co., 2016]). Actual receipt must be demonstrated before there can be a finding of contempt for failure to comply with an Information Subpoena (Metropolitan Life Ins. Co. v. Young, 157 Misc 3d 452, 596 N.Y.S.2d 653 [Civ. Ct. NY Co. 1993]). Here, the Plaintiff provides an affidavit of service demonstrating that the Subpoena was sent by certified mail, return receipt requested, along with a copy of the purchase receipt and tracking numbers, yet does not demonstrate actual receipt.
Furthermore, without proof of the date of Defendant's actual receipt, the Court cannot conclude that Defendant's failure to respond to the Information Subpoena was untimely and therefore contemptuous. As stated on the face of the Information Subpoena, Defendant is afforded seven days from the date of receipt to complete and return the Subpoena. The Plaintiff mailed the Subpoena on April 9, 2024, and filed the application for contempt ten days later on April 19, 2024. Based upon this time frame, and a consideration of time for mailing, Plaintiff's application for contempt may have been premature.
Although the Court recognizes the burden placed upon a Plaintiff creditor in what is intended to be a user friendly court forum, the Court cannot overlook the procedural requirements, particularly in an application for contempt. A contempt citation is a drastic remedy which should not be granted absent a clear right to such relief (Pinto v. Pinto, 120 AD2d 337, 501 N.Y.S.2d 835 [1st Dept. 1986]; Benson Park Associates LLC v. Herman, 93 AD3d 609, 941 N.Y.S.2d 108 [1st Dept., 2012]; Loeber v. Teresi, 256 AD2d 747, 681 N.Y.S.2d 416 [3rd Dept., 1998]).
For these reasons, Plaintiff's application is DENIED, without prejudice to file a new application.
This constitutes the Decision and Order of the Court.
Dated: June 13, 2024
Hempstead, New York
__________________________
HON. JACLENE AGAZARIAN
DISTRICT COURT JUDGE

Footnotes

Footnote 1:The application was initially made returnable on May 22, 2024, at which time the Plaintiff appeared before the undersigned. The matter was adjourned for the Plaintiff to return to Court with a revised affidavit of service, specifying that the individual who was personally served had authority to accept service on behalf of the Defendant corporation.