Smith v Global Contact Holding Co., Inc. (2025 NY Slip Op 05207)

Smith v Global Contact Holding Co., Inc.

2025 NY Slip Op 05207

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Index No. 156087/19|Appeal No. 4777 M-4556|Case No. 2024-03131|

[*1]Devon Smith, Plaintiff,
v
Global Contact Holding Company, Inc., et al., Defendants-Respondents. Sandra Lennon, Nonparty-Appellant, Transport Workers Union, Local 100, Nonparty -Appellant.

Advocates for Justice, Chartered Attorneys, New York (Laine Alida Armstrong of counsel), for appellant.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York (Thomas L. Bellifemine of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about April 3, 2024, which, to the extent appealed from, granted defendants' motion to compel nonparty appellant union's compliance with a subpoena duces tecum, unanimously affirmed, without costs.
In arguing that defendants did not properly serve the motion on it, the union relies on a statutory provision that is no longer in effect (see former CPLR 3120[b]; compare Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 109 [1st Dept 2006] with Blake v LP 591 Ocean Realty, 237 AD2d 554, 554 [2d Dept 1997]). Moreover, the union does not contest proper service of the subpoena itself. Plaintiff's counsel, which represented the union in responding to the subpoena by providing a redacted document and a privilege log, received the subpoena directly from the union and failed to object to jurisdiction in response to a prior motion to compel. Under these circumstances, the union "waived its objection based on personal jurisdiction" (Peters v Peters, 127 AD3d 656, 657 [1st Dept 2015]; see also Benson Park Assoc. LLC v Herman, 93 AD3d 609, 609 [1st Dept 2012]).
The union otherwise fails to demonstrate that the motion to compel amounted to harassment or annoyance (see CPLR 3103[a]; Jones v Maples, 257 AD2d 53, 56-57 [1st Dept 1999]). Defendants moved to compel because the union failed to comply with a prior order to turn over relevant and material documents sought pursuant to the subpoena duces tecum. Accordingly, it was not an impermissible successive motion seeking relief that was previously denied (see e.g. Nunez v Yonkers Racing Corp., 218 AD3d 480, 481 [2d Dept 2023].
We have considered the union's remaining contentions and find them unavailing. M-4556 - Devon Smith v Global Contact Holding Company, Inc.
Motion by defendants seeking permission for nonparty Sandra Lennon to withdraw her appeal, pursuant to stipulation, and to vacate the stay issued by this Court on July 11, 2024 insofar as it applies to Lennon's deposition testimony pending determination of the appeals, granted to the extent of allowing withdrawal of the appeal, and otherwise denied as academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025